PER CURIAM.
The prosecutor’s closing argument statement: “There is no testimony at this point in the evidence to indicate that he ever intended to withdraw [from the conspiracy],” was, beyond any dispute, susceptible of being interpreted by the jury as referring to the defendant’s failure to testify, and, the error having been preserved by timely objection and motion for mistrial, reversal of Andres’ conviction is required even if the statement could be deemed harmless. Harris v. State, 438 So.2d 787 (Fla.1983); Donovan v. State, 417 So.2d 674 (Fla.1982); David v. State, 369 So.2d 943 (Fla.1979); Trafficante v. State, 92 So.2d 811 (Fla.1957); Roberts v. State, 443 So.2d 192 (Fla. 3d DCA 1983), rev. denied, 450 So.2d 489 (Fla.1984); Brown v. State, 427 So.2d 304 (Fla. 3d DCA), rev. denied, 438 So.2d 834 (Fla.1983). Because we do not find the evidence of the defendant’s guilt so overwhelming as to render harmless the prosecutor’s argument, we need not question whether the Supreme Court of Florida in State v. Murray, 443 So.2d 955 (Fla.1984), has receded from the per se *1085 reversal rule. Compare, e.g., Burns v. State, 466 So.2d 1207 (Fla. 3d DCA 1985); Grissom v. State, 469 So.2d 151 (Fla. 3d DCA 1985. However, contrary to the defendant’s claim, the evidence was sufficient to sustain the conviction, and he is not entitled to discharge.
Reversed and remanded for a new trial.