552 So.2d 1151 (1989)
The STATE of Florida, Appellant,
v.
Pedro ANDRES, Appellee.
No. 88-2346.
District Court of Appeal of Florida, Third District.
November 7, 1989.
*1152 Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Lauderhill, for appellant.
Robert Alan Rosenblatt, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Pedro Andres was charged with trafficking by sale and delivery of cocaine and conspiracy to traffic in cocaine. He was acquitted on the conspiracy count and convicted on the trafficking count. We reversed the trafficking conviction and remanded the case for a new trial. Andres v. State, 468 So.2d 1084 (Fla. 3d DCA 1985). Prior to the new trial, the defendant was heard on a motion in limine seeking to exclude statements made by the alleged co-conspirators, contending that after the acquittal on the conspiracy charge any evidence of a conspiracy became irrelevant or, alternatively, that the admission of any evidence of a conspiracy would be unfairly prejudicial to him at a retrial on the trafficking charge. This appeal is brought from the pretrial order excluding the evidence of a conspiracy. We treat the order of exclusion as a suppression order, State v. Palmore, 495 So.2d 1170 (Fla. 1986), exercise jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B), and reverse.
The evidence excluded is a lengthy tape recording of negotiations leading up to the sale and delivery of a kilo of cocaine, which includes several self-incriminating statements of Andres.
Andres' acquittal on the conspiracy charge was not a determination, for all purposes, that a conspiracy was nonexistent. All that was decided by the verdict *1153 in the first trial is that the State proved that Andres trafficked in cocaine without proving, beyond a reasonable doubt, that he conspired with others to commit the offense. In passing on the admissibility of the conspirators' statements at the new trial, the court must decide only whether there is independent proof, by a lesser preponderance of the evidence standard, of the existence of the conspiracy and the defendant's participation in it. Romani v. State, 542 So.2d 984 (Fla. 1989).
The acquittal on the conspiracy to traffic in cocaine charge does not, per se, preclude the use of the co-conspirators' statements at the trial on the trafficking charge. See State v. Brea, 545 So.2d 954 (Fla. 3d DCA 1989) (the admissibility of hearsay statements of co-conspirators is merely a rule of evidence and is not dependent upon the existence of a count charging conspiracy). There was sufficient independent proof, apart from the hearsay, to establish by a preponderance of the evidence, a conspiracy and the defendant's participation in the conspiracy. The testimony of the undercover officer described Andres' role in the preliminary planning and negotiations, which was corroborated by Andres' actions and his recorded statements. That evidence more than adequately satisfied the State's burden. See Herrera v. State, 532 So.2d 54 (Fla. 3d DCA 1988).
We disagree with the trial court's alternative ruling in reliance on section 90.403, Florida Statutes (1987), that the probative value of the statements was substantially outweighed by the danger of unfair prejudice. The negotiations leading up to the sale and delivery of the kilo of cocaine were highly probative of the defendant's guilt on the charge of trafficking by sale and delivery. Although the statements were detrimental to the defendant's case, they did not prejudice him unfairly. Relevant evidence is inherently prejudicial; however it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters. Brown v. Sims, 538 So.2d 901 (Fla. 3d DCA 1989), (citing United States v. Roark, 753 F.2d 991 (11th Cir.1985)), rev. granted, 547 So.2d 635 (Fla. 1989). Tape recordings of undercover sting operations are admissible and do not unfairly prejudice a defendant where they are audible. Springer v. State, 429 So.2d 808 (Fla. 4th DCA 1983).
Because the statements are relevant to the issue of guilt, and are not excluded by any other rule of law, they are admissible evidence. § 90.402, Fla. Stat. (1987).
The order is reversed and the cause remanded for trial.