558 So.2d 107 (1990)
Jerald Anthony WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01530.
District Court of Appeal of Florida, First District.
March 5, 1990.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Deputy Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of appellant's convictions for constructive possession of marijuana, cocaine, and paraphernalia. Appellant has presented three issues for our consideration, (1) whether the evidence was sufficient to support convictions for constructive possession on all three charges, (2) whether the 1988 amendments to the Habitual Offender Act were constitutional, and (3) whether the trial court erred in sentencing appellant as a habitual offender without making the requisite findings. Because we find appellant's first argument meritorious, we need not address the other two.
Appellant and four others were arrested in November 1988 when police made a late-night "sweep" of a Pensacola hotel. When police looked through an open doorway into the room appellant and the others occupied, they saw them standing around a dresser top covered by various illegal items. Among other things, police could see marijuana, rolling papers, a crack pipe, and razor blades. The smell of burnt marijuana lingered in the air.
Police arrested the occupants and subsequently learned that one of appellant's codefendants had rented the room. There was no testimony that appellant was seen using any of the items on the dresser top, which police subsequently discovered included crack cocaine. There was also no testimony that appellant touched or in any other way demonstrated control over the contraband.
Because police did not find appellant in physical possession of the illegal drugs or paraphernalia, his convictions necessarily rested on a constructive possession theory. In Brown v. State, 428 So.2d 250, 252 (Fla. 1983), cert. denied, Brown v. Florida, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983), the Supreme Court held that:

*108 "Constructive possession exists where the accused without physical possession of the controlled substance knows of its presence on or about his premises and has the ability to maintain control over said controlled substance." Hively v. State, 336 So.2d 127, 129 (Fla. 4th DCA 1976). To establish constructive possession, the state must show that the accused had dominion and control over the contraband, knew the contraband was within his presence, and knew of the illicit nature of the contraband. Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981). If the premises where contraband is found is in joint, rather than exclusive, possession of a defendant, however, knowledge of the contraband's presence and the ability to control it will not be inferred from the ownership but must be established by independent proof. Wale; Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967). [emphasis added]
Because appellant was only a visitor, rather than someone who owned, leased, or resided in the room, his mere proximity to the contraband found in plain view was insufficient to convict him. Case law has sharply distinguished the culpability of mere visitors from that of owners or occupants of premises containing openly-displayed illicit drugs. Green v. State, 460 So.2d 986 (Fla. 4th DCA 1984); Johnson v. State, 456 So.2d 923 (Fla. 3d DCA 1984); Herrera v. State, 532 So.2d 54 (Fla. 3d DCA 1988).
After thoroughly reviewing the record, we have concluded that the State proved only that appellant was in the room at the same time four other people were there. As a matter of law, this was insufficient to prove his dominion and control over the items on the dresser top. Accordingly, appellant's convictions on all three counts are reversed, and he is discharged.
BOOTH, THOMPSON and NIMMONS, JJ., concur.