560 So.2d 323 (1990)
Antonio DUBOSE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1958.
District Court of Appeal of Florida, First District.
April 23, 1990.
*324 Henry R. Barksdale, of Henry R. Barksdale, P.A., Milton, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Antonio Dubose appeals his convictions for possession of cocaine, cannabis, and drug paraphernalia. We affirm the convictions for possession of cocaine and marijuana. Regarding his conviction for possession of drug paraphernalia, identified as razor blades, crushed beer cans, and cigarette rolling papers, we reverse, because the evidence in support thereof was legally insufficient.
Dubose testified that on December 16, 1988, an acquaintance invited him to an apartment located in Pensacola. He had only been in one of the bedrooms of the apartment for two or three minutes when narcotics investigators entered and arrested the nine people inside. At the time of his arrest, Dubose was standing within arm's reach of a coffee table, upon which lay a piece of crack cocaine, two razor blades, and a crushed beer can, which was used, according to Officer Shelby, to smoke crack. Dubose was also within arm's reach of a rolled cigarette containing marijuana and cocaine, which was lying on a pile of clothes inside an open closet. Another crushed beer can was found on the floor of the room, and a case of rolling papers was found on Dubose.
Officer Shelby testified that when he advised Dubose he was under arrest for possession of cocaine and marijuana, Dubose exclaimed that the drugs were not his, but that he had just gone to the apartment to smoke. Later, at the station, Dubose informed Shelby that a woman had invited *325 him and a friend to the apartment to smoke crack and that he would not pass up such an opportunity. Finally, Shelby reported that Dubose said he intended to sell the rolling papers. Dubose admitted during his testimony at trial that he uses cocaine and marijuana and stated that his purpose in going to the apartment might have been to smoke such drugs, but he denied that he had in fact gone to the apartment for such purpose. He said that he had not seen the crack on the coffee table, but that he had seen the crushed beer cans and knew what they were used for. When asked whether he knew that a marijuana/cocaine cigarette was in the closet, Dubose merely said, "When I came in, I didn't have time to search. I mean, I walked in the door and I was waiting."
To establish constructive possession of contraband, the state must show that the defendant 1) had the ability to exercise control over the contraband, 2) knew of the presence of the contraband, and 3) knew of its illicit nature. Brown v. State, 428 So.2d 250, 252 (Fla.), cert. denied, 463 U.S. 1209, 103 S.Ct. 3541, 77 L.Ed.2d 1391 (1983); Wade v. State, 558 So.2d 107, 107 (Fla. 1st DCA 1990); Frank v. State, 199 So.2d 117, 120-21 (Fla. 1st DCA 1967). In order for the state to prove a defendant's constructive possession of contraband by circumstantial evidence, as here, the evidence must be inconsistent with the defendant's theory of innocence. State v. Law, 559 So.2d 187 (Fla. 1989). We conclude that the state established its case only as to the cocaine and marijuana charges.
It is well established that if a defendant's status is that of a visitor to a dwelling, as was Dubose, rather than that of an owner or occupant, the state must show more than the defendant's mere proximity to contraband in order to prove constructive possession. Wade, 558 So.2d at 107; Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988); Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988). The elements of constructive possession may be shown by a defendant's incriminating statements or conduct. Frank, 199 So.2d at 120; Herrera, 532 So.2d at 59; Taylor v. State, 319 So.2d 114, 116 (Fla. 2d DCA 1975). In the case at bar, the jury was justified in concluding that Dubose's proximity to the drugs, coupled with the incriminating statements he made to Officer Shelby, established that Dubose knew the drugs were present, that he knew they were illicit, and that, based upon his statement that he intended to smoke both the cocaine and the marijuana, he could have exercised control over the drugs.
On the other hand, we cannot agree that the evidence was legally sufficient to support appellant's conviction for possession of drug paraphernalia. There was no competent, substantial evidence presented that Dubose was in constructive possession of two of the items listed as drug paraphernalia: razor blades and crushed beer cans. That they were seen near Dubose and the crack cocaine that Dubose intended to smoke was not competent evidence that he constructively possessed them. Although the evidence was consistent with defendant's guilt, it was not inconsistent with his innocence on this count. D.K.W. v. State, 398 So.2d 885, 886 (Fla. 1st DCA 1981) (defendant's proximity to marijuana cigarettes, testimony that he had smoked some marijuana, and his reference to a "roach" found near him, were not inconsistent with defendant's innocence on charge of possession of marijuana). Unlike the charges relating to possession of cocaine and cannabis in the case at bar, the state introduced no other evidence, such as incriminating statements, that Dubose intended to use the razor blades or the cans to smoke the crack cocaine.
The state also failed to prove that the rolling papers found on Dubose constituted illegal drug paraphernalia under Section 893.145, Florida Statutes (1987).[1] The *326 state argues that the evidence establishing that Dubose intended to use the papers to smoke marijuana was that the officers found loose marijuana on individuals other than Dubose; that Officer Shelby searched for and found no cigarette tobacco in the apartment; and that Dubose told Shelby he had gone to the apartment to smoke drugs. However, this evidence was not inconsistent with defendant's theory of innocence that he intended to sell the individual packages of rolling papers to others. In the absence of evidence disclosing that Dubose actually used or intended to use the papers for smoking cocaine or marijuana, the state was required to prove "not only ... that the [papers] could be so used, but also that by reason of some peculiar characteristic of design the [papers] could be recognized as being intended only for such use." Williams v. State, 529 So.2d 345, 347-48 (Fla. 1st DCA 1988) (state did not prove that triple-beam scale was drug paraphernalia). The state presented no evidence on this point.
Dubose's convictions for possession of cocaine and marijuana are affirmed; his conviction for possession of drug paraphernalia is reversed, and the case is remanded with directions that appellant be discharged as to the latter conviction.
WENTWORTH and BARFIELD, JJ., concur.
NOTES
[1] Section 893.145(12) defines drug paraphernalia to include "[o]bjects used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing cannabis, cocaine, hashish, or hashish oil into the human body or... ." A list of thirteen categories of such objects follows, none of which includes rolling papers.