787 So.2d 963 (2001)
STATE of Florida, Appellant,
v.
Ronald Steven BLACKWELL, Appellee.
No. 1D00-2761.
District Court of Appeal of Florida, First District.
June 21, 2001.
*964 Robert A. Butterworth, Attorney General, and Bryan Jordan, Assistant Attorney General and Daniel A. Davis, Assistant Attorney General, Tallahassee, for Appellant.
James T. Miller of Jacksonville, for Appellee.
KAHN, J.
The State seeks review of a pretrial order entered by the circuit court. The order in question, rendered pursuant to a defense motion in limine, prohibited the State from introducing into evidence at trial any testimony of statements made by the appellee, Ronald Steven Blackwell, concerning Blackwell's knowledge of the presence of crack cocaine found by police when they stopped the car he was driving. We reverse because the statements in question are relevant and their probative value is not outweighed by unfair prejudice to Blackwell.
While driving his mother's car, Blackwell was pulled over by officers for a traffic violation. Blackwell agreed to exit the car and allowed one of the officers to look inside. As a result, the officer discovered what ultimately proved to be crack cocaine in the driver's side door compartment.
During pretrial proceedings, the State disclosed its intention to introduce a statement attributed to Blackwell. As characterized in the order granting the motion in limine, a State witness would have testified that Blackwell said "he had not smoked crack cocaine since November and that the crack must have been in there (in the car) since November." The arrest was in January. After a hearing, the trial court entered an order finding "the statement about past cocaine use is irrelevant to the charge in this case and if such evidence is relevant, the probative value of such evidence is outweighed by the prejudicial effect of the evidence pursuant to Section 90.403, Florida Statutes." The judge focused upon the two-month lapse of time between the charged offense of possession and the time referenced in Blackwell's statement about use of cocaine.
The trial court erred by concluding that the mere mention of past use of an illicit substance rendered Blackwell's statement inadmissible on grounds of relevance. The statements allegedly made by Blackwell were in reference to the cocaine actually found inside the car. In a case such as this, where the charge is based upon constructive possession, the defendant's statements concerning knowledge of the presence of the contraband are generally found to be relevant because knowledge is an essential element of constructive possession. See e.g., Gartrell v. State, 626 So.2d *965 1364, 1366 (Fla.1993). Although the statements in question reference past drug use, they are nonetheless relevant to proving material facts at issue in a prosecution based upon constructive possession. See § 90.401, Fla. Stat. (1999) ("Relevant evidence is evidence tending to prove or disprove a material fact"). For instance, in Dubose v. State, 560 So.2d 323 (Fla. 1st DCA 1990), the defendant was convicted of possession of cocaine and marijuana. When arrested, defendant "explained that the drugs were not his, but that he had just gone to the apartment to smoke." Id. at 324. This court observed that the elements of constructive possession may be shown by a defendant's incriminating statements or conduct, and the statement in question established that the defendant knew that the drugs were present and that they were illicit. See id.
The trial court also erred by relying upon section 90.403, Florida Statutes, to exclude the statements based upon undue prejudice. The statements in question would have suggested to the jury that the defendant had cocaine in the car two months before, and that the cocaine the officers found must be that cocaine. Stated otherwise, the admission was not simply a comment about another, uncharged offense; it was an admission of the charged offense. "Relevant evidence is inherently prejudicial; however it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters." State v. Andres, 552 So.2d 1151, 1153 (Fla. 3d DCA 1989). Accordingly, in a case where the defendant had been previously acquitted of conspiracy to traffic in cocaine, and was later on trial for trafficking by sale and delivery of cocaine, the State was able to introduce incriminating statements made by the defendant even though such statements tended to show that the defendant was involved in the conspiracy of which he was later acquitted. See id.
Some cases suggest that where a defendant is charged with constructive possession, evidence that the defendant may have possessed a similar substance on a previous date is not probative on the possession charge. See, e.g., Clark v. State, 670 So.2d 1061 (Fla. 2d DCA 1996). These cases are not controlling, however, because they are, literally, cases seeking to introduce evidence of other bad acts. It may well be that when prosecuting a defendant charged with constructive possession, the State may not prove the knowledge element by showing that the defendant possessed other similar contraband at a different time. That is not, however, the question in the present case. Here, the statement is not evidence of another bad act two months before; instead, it tends to prove that the defendant had been in constructive possession of the cocaine at any time he was in the car during the two months before, and including the time of, his arrest.
REVERSED.
BARFIELD, C.J., and PADOVANO, J., concur.