944 So.2d 1143 (2006)
J.S.M., Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3282.
District Court of Appeal of Florida, Second District.
December 8, 2006.
William D. Sites, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
After receiving a report from a confidential source that a drug party was under way at a Tampa hotel, several Hillsborough County sheriff's deputies discovered J.S.M. and three other people at 3:30 a.m. in a room redolent of burnt marijuana. At least three bags of marijuana were in plain *1144 view, and J.S.M. was ultimately charged with misdemeanor possession of cannabis. After a combined hearing on his motion to suppress and his delinquency petition, the juvenile court judge denied suppression, found J.S.M. guilty of the offense, withheld adjudication of delinquency, and placed him on one year of probation. On appeal, J.S.M. contends that the State's evidence was legally insufficient to prove his constructive possession of the drugs. We agree and reverse.
In a constructive possession case, the State must prove "(1) the accused's dominion and control over the contraband; (2) the accused's knowledge that the contraband is within his or her presence; and (3) the accused's knowledge of the illicit nature of the contraband." S.B. v. State, 657 So.2d 1252, 1253 (Fla. 2d DCA 1995). No issue has been raised regarding J.S.M.'s knowledge that the contraband was in his presence  it was in plain view  or his knowledge of its illicit nature, which he admitted.
Here, however, the State utterly failed to prove that J.S.M. had dominion and control over the contraband. Because there was no evidence that J.S.M. was an occupant of the room rather than a guest, the court could not infer that he had the ability to control the contraband simply because it was in plain view. Compare Taylor v. State, 319 So.2d 114, 115 (Fla. 2d DCA 1975) (holding that circumstantial evidence of guilt emanating from the defendant's proximity to illicit drugs in plain view was equally susceptible to the reasonable hypothesis that the defendant was a mere visitor and that the drugs were in the possession and control of the owner or other occupant of the premises), with Brown v. State, 428 So.2d 250, 252 (Fla. 1983) (holding that proof of the discovery of illegal drugs in plain view in the presence of two or more joint occupants of the premises is sufficient to support a conviction for constructive possession). In a case such as this, the State must establish the element of control by independent proof. Wade v. State, 558 So.2d 107, 108 (Fla. 1st DCA 1990) (citing Wale v. State, 397 So.2d 738 (Fla. 4th DCA 1981)); Frank v. State, 199 So.2d 117 (Fla. 1st DCA 1967).
The evidence in this case raises a strong inference that J.S.M. just happened to be in the hotel room when the deputies arrived searching for a person named Jason. None of the information that the deputies had gleaned from the confidential informant's tip related to J.S.M. Although one of the deputies stated that J.S.M. was "staying" in the room, his comment was unsupported by any evidence and is too conclusory to establish that J.S.M. actually occupied the premises.
The facts of this case bear a strong resemblance to those in Wade, 558 So.2d at 108, in which the First District held that because the defendant was a visitor to the motel room where he was arrested "rather than someone who owned, leased, or resided in the room, his mere proximity to the contraband found in plain view was insufficient to convict him." The court went on to observe that "[c]ase law has sharply distinguished the culpability of mere visitors from that of owners or occupants of premises containing openly-displayed illicit drugs." Id. It is up to the State in cases such as Wade and this one to adduce independent proof connecting the defendant to control of the drugs.
Here, the State presented no proof that the deputies ever saw J.S.M. touching or handling the marijuana. Neither of the deputies testified that J.S.M. smelled as if he had been smoking the drug. If fingerprints were found on the baggies, they were not admitted into evidence. Neither J.S.M. nor any of the other people in that hotel room made any statements connecting *1145 him to ownership of the marijuana; instead, they claimed that it belonged to someone else. And, most significantly, no evidence proved how long J.S.M. had been at the hotel, whether he rented the room, or whether he jointly occupied it with the person who did. In fact, all of the testimony from the deputies was strikingly vague; and it is obvious from the prosecutor's closing argument that the State's entire case depended on J.S.M.'s imprecisely defined proximity to one of the three packages of marijuana in this small hotel room. "Proof of mere proximity of the defendant to the drugs is insufficient to sustain a conviction for constructive possession." Davis v. State, 761 So.2d 1154, 1158 (Fla. 2d DCA 2000).
Our decision in this case should not be construed to mean that teenagers found together in situations where it is obvious that they have been smoking marijuana cannot be convicted of possession of cannabis. Rather, it should be construed to mean that the State must strictly adhere to every element of proof in constructive possession cases.
Reversed and remanded for discharge of the defendant.
ALTENBERND and VILLANTI, JJ., Concur.