CASANUEVA, Judge.
George Edison Jr., one of four codefen-dants in a trial for trafficking in drugs by the constructive possession of more than twenty-eight grams of cocaine, contends that the evidence was legally insufficient to demonstrate that he had control over the contraband. We agree and reverse his judgment and sentence.
The facts of George Edison Jr.’s case are similar to those set out in the opinions concerning two of his codefendants, Tony Person and Alonzo Edison. Person v. State, 950 So.2d 1270 (Fla. 2d DCA 2007); Edison v. State, 954 So.2d 1285 (Fla. 2d DCA 2007). Detective Rodriguez of the Fort Myers Police Department observed a number of people enter and exit a house within a short time span. Because most individuals stayed only briefly before leaving, the situation suggested that someone was selling drugs from the house. During the surveillance, Detective Rodriguez took photographs of the people who came and went, including George Edison Jr. Some, like Mr. Edison,[1] were photographed eating ribs outside the house. At one point, however, Mr. Edison went back into the house and stayed until the events precipitating this case occurred.
*1276 About two hours after the detectives first observed Mr. Edison, the Fort Myers Police Department sent a SWAT team to execute a search warrant. As part of the warrant execution process, the SWAT team set off a loud distraction device and entered the front door. Almost immediately, ten or eleven men bolted out a back door, tripped over each other, and essentially landed in a heap just outside the door. One of those men was George Edison Jr.
Law enforcement’s suspicion that this was a drug house was confirmed by their subsequent search, which revealed that crack cocaine was being cooked in the kitchen. Detectives discovered large quantities of crack cocaine and powdered cocaine at various locations within the house, including the living room; and several guns were in plain view. A large “cookie” of crack cocaine sat on a kitchen table; razor blades and baggies were found in the cabinets, as were a potato chip container stuffed with bags of marijuana and a cigar box filled with cocaine and baggies of Ecstasy pills. In addition, nineteen individual baggies of powdered cocaine, another baggie of Ecstasy pills, and over $300 in cash were discovered outside the back door near the pile of escaping suspects.
Because he landed so close to the large quantity of drugs outside the back door, George Edison Jr. was charged with trafficking by possession of over twenty-eight grams of cocaine. At trial, he moved for a judgment of acquittal on the ground that the evidence was legally insufficient to convict him of constructive possession. Specifically, Mr. Edison contended that the State could not prove that he had control over the contraband, which is an essential element of constructive possession. See Walker v. State, 733 So.2d 564 (Fla. 2d DCA 1999). We agree with Mr. Edison that his motion for judgment of acquittal should have been granted. See Isaac v. State, 730 So.2d 757, 758 (Fla. 2d DCA 1999) (“Whether a defendant had dominion and control over contraband is generally a fact issue for the jury, but a judgment of acquittal is proper when there is no evidence from which dominion and control can be inferred.”).
In a constructive possession case, mere proximity is insufficient to prove dominion and control over the contraband, which must be established by independent evidence. This is particularly true when there is no proof that the defendant owned or occupied the premises or was anything other than a casual visitor. See Wade v. State, 558 So.2d 107 (Fla. 1st DCA 1990). While still at the scene, George Edison Jr. gave a statement to the police and claimed that he was at that house waiting to arrange for a vehicle to be towed, whiling away the time playing video games and eating barbecue. The circumstances strongly resemble a recent case from this court involving juveniles who were discovered with marijuana in a motel room:
[T]he State utterly failed to prove that J.S.M. had dominion and control over the contraband. Because there was no evidence that J.S.M. was an occupant of the room rather than a guest, the court could not infer that he had the ability to control the contraband simply because it was in plain view. Compare Taylor v. State, 319 So.2d 114, 115 (Fla. 2d DCA 1975) (holding that circumstantial evidence of guilt emanating from the defendant’s proximity to illicit drugs in plain view was equally susceptible to the reasonable hypothesis that the defendant was a mere visitor and that the drugs were in the possession and control of the owner or other occupant of the premises), with Brown v. State, 428 So.2d 250, 252 (Fla.1983) (holding that proof of the *1277 discovery of illegal drugs in plain view in the presence of two or more joint occupants of the premises is sufficient to support a conviction for constructive possession). In a case such as this, the State must establish the element of control by independent proof.
J.S.M. v. State, 944 So.2d 1143, 1144 (Fla. 2d DCA 2006) (some citations omitted).
As in J.S.M., the State presented no evidence to establish Mr. Edison’s dominion and control over the drugs. He admitted being in the house but only as a visitor. No evidence was adduced demonstrating that Mr. Edison had drugs in his system when detained, nor were Mr. Edison’s fingerprints found on any of the weapons, money, or contraband. Although Mr. Edison was undoubtedly aware of illegal activity in the house he was visiting, there is no proof that he exerted any control over the drugs. Accordingly, we reverse the judgment and sentence and remand with instructions that he be discharged.
Reversed and remanded with instructions.
SALCINES and WALLACE, JJ., Concur.

. In this opinion, "Mr. Edison” refers only to George Edison, Jr., not to his codefendanl brother.