CIKLIN, J.
 

 Wayne David Tillman, the defendant below, appeals his convictions of first degree premeditated murder with a firearm and possession of a firearm by a convicted felon. Tillman presents three issues on appeal. First, Tillman asserts that the trial court erred in denying his motion for mistrial where a police officer testified to his guilt. Second, Tillman claims that the trial court erred in not granting his motion for judgment of acquittal as to first degree premeditated murder because the State did not prove premeditation. Third, Tillman argues that the trial court erred in accepting a stipulation of his prior felony convictions without a plea colloquy. We disagree and affirm on all issues.
 

 At trial, the only credible eyewitness to the murder testified that he saw Tillman pull something from the waistband of his pants and hit the seated victim from behind in the back of the head with the object. The eyewitness then heard a single gunshot and identified that the object Tillman had was a gun. When the gun went off, the victim stumbled and the eyewitness ran. Looking back, the eyewitness saw Tillman “nonchalantly” walking away.
 

 Other witnesses testified but did not see what occurred. There was testimony about an argument Tillman had with the victim earlier in the day and threatening statements made by Tillman. One of the witnesses testified that Tillman had a .22 caliber pistol.
 

 A medical examiner, who conducted an autopsy on the victim, testified that there was no stippling or gun powder residue around the wound. This signified that the gun was not pressed up against the victim’s head when the shot was fired.
 

 Although the weapon was not found, a firearm expert determined that the bullet casing found at the scene and the fragments retrieved from the victim’s head were from a .22 caliber bullet.
 

 
 *165
 
 Tillman denied the allegations and presented one witness who testified that he was near the scene of the murder when someone other than Tillman shot the victim.
 

 The first issue raised occurred during the direct examination of the lead detective investigating the murder. The detective was asked, “Who was the suspect, the shooter, all along in your investigation of this case?” The detective responded that it was “Mr. Tillman.” Tillman’s counsel objected and moved for a mistrial. The trial court sustained the objection, instructed the jury to “disregard the last question and answer,” and, after a bench conference, gave the following curative instruction: “Members of the jury, again, I remind you that it’s your responsibility to weigh the evidence and decide what the facts of this case prove.”
 

 Appellant argues that the detective’s testimony amounted to an opinion as to his guilt. “It is well established that a witness’s opinion as to the guilt or innocence of the accused is not admissible.”
 
 Thomas v. State,
 
 837 So.2d 443, 446 (Fla. 4th DCA 2002) (citation omitted). However, the detective’s comment was isolated, made in passing, and indicated only that Tillman was the sole suspect, not that he was guilty.
 
 See Santiago v. State,
 
 870 So.2d 198,199 (Fla. 3d DCA 2004) (isolated reference in a four-day trial that the defendant had been unable to make bail and curative instruction were sufficient factors in denying motion for mistrial);
 
 Spencer v. State,
 
 645 So.2d 377, 382-83 (Fla.1994) (mistrial not required where prosecutor made isolated reference to a fact not in evidence). The trial court did not abuse its discretion in denying Tillman’s motion for mistrial.
 
 See Goodwin v. State,
 
 751 So.2d 537, 547 (Fla.1999) (“[T]he correct appellate standard is whether the trial court abused its discretion in its denial of a mistrial.”).
 

 In the second issue raised, Tillman argues that the trial court erred in denying his motion for judgment of acquittal because the State failed to prove premeditation for the charge of first degree premeditated murder. Tillman argues that there was no evidence excluding the possibility that the gun fired accidentally when used as a bludgeon to hit the victim.
 

 Rulings on motions for judgment of acquittal are reviewed de novo.
 
 Pagan v. State,
 
 830 So.2d 792, 803 (Fla.2002). A motion is properly denied where the State has presented “competent evidence sufficient to enable the jury to exclude every reasonable hypothesis of innocence.”
 
 State v. Law,
 
 559 So.2d 187,188 (Fla.1989).
 

 Here, there was evidence presented by the eyewitness and the medical examiner that contradict Tillman’s hypothesis. The eyewitness testified that he saw Tillman hit the victim first with the gun. Then the eyewitness heard a single gunshot. The eyewitness also observed Tillman leave the scene “nonchalantly,” an action more characteristic of intent rather than an accident. The medical examiner testified that there was a lack of stippling on the victim, indicating that the gun was fired at a distance from the victim and that the bullet wound indicated the gun was pointed at the back of the victim’s head when it went off. The trial court did not err in denying the motion for judgment of acquittal.
 

 In Tillman’s final point on appeal, he argues that the trial court erred in convicting him as to the charge of being a felon in possession of a firearm when it accepted his stipulations regarding his pri- or felony convictions without conducting a plea colloquy as to his trial rights and a waiver thereof.
 

 
 *166
 
 First, Tillman did not preserve this issue for appellate review because he failed to object or move for judgment of acquittal on this issue.
 
 See Harrell v. State,
 
 894 So.2d 935, 940 (Fla.2005).
 

 Second, even if this issue was properly preserved, it has no merit. Tillman was questioned by the trial court regarding his stipulation and he verbally agreed to the stipulation and waived his right to have the State prove this element. “[W]hen a criminal defendant offers to stipulate to the convicted felon element of the felon-in-possession of a firearm charge, the Court must accept that stipulation, conditioned by an on-the-record colloquy with the defendant acknowledging the underlying prior felony conviction(s) and acceding to the stipulation.”
 
 Brown v. State,
 
 719 So.2d 882, 884 (Fla.1998). The record reflects that the trial court properly questioned Tillman before accepting the stipulation.
 

 Affirmed.
 

 MAY and DAMOORGIAN, JJ., concur.