DAMOORGIAN, J.
M.D. timely appeals his adjudication of delinquency and sentence for possession of marijuana (less than twenty grams), arguing that the State did not produce sufficient evidence that he had dominion and control over the marijuana found in proximity to him at the time of his arrest. We agree and reverse.
M.D. was charged by juvenile petition with possession of marijuana (less than twenty grams) and loitering and prowling. At trial, the State presented the following evidence. On the night of M.D.’s arrest, the police responded to a report of possible loitering at a vacant residence. Upon arriving at the scene, one of the officers observed that the door to a small utility room at the back of the residence was open. About two or three feet from the door, the officer smelled marijuana, at which point he looked inside the utility room and observed four individuals, including M.D. Although none of the individuals were observed smoking marijuana, the room, as well as M.D., smelled like marijuana.
Two of the individuals (not M.D.) dropped bags containing a leafy green substance, which the officer suspected to be marijuana. Additional bags of marijuana were recovered from the room and from one of the other individuals. No marijuana was found in M.D.’s actual possession. The officer also found loose tobacco in the corner of the utility room. He testified that, from his experience, he believed that the tobacco had been removed from a cigar so that the tobacco leaves could be used to wrap marijuana. No cigarettes or packages of loose tobacco were found in the room. All of the individuals had lighters.
After M.D. was read his Miranda[1] rights, he told one of the officers that he was “there to smoke.” The officer testified that “smoking” is a street term for smoking marijuana. The other officer *652 asked M.D. if he had broken into the house, to which M.D. replied, “we just used the shed to smoke.”
After the State rested its case, M.D. moved for a judgment of dismissal on both counts. The trial court granted the motion on the loitering and prowling charge, denied it on the possession of marijuana charge, and ultimately found M.D. guilty of the possession charge.
On appeal, M.D. argues that the State’s case was entirely circumstantial and that its evidence did not rebut his theory that he was smoking tobacco, not marijuana. He pointed out that one of the officers found loose tobacco on the ground, and that his statement that he “was there to smoke” did not necessarily indicate that he was there to smoke marijuana.
We begin by noting that, because M.D. was not in actual possession of any of the marijuana, the State must prove that he had constructive possession of the marijuana. See J.G. v. State, 881 So.2d 25, 26 (Fla. 4th DCA 2004). “In order to establish constructive possession, the State must prove that the defendant had knowledge of the presence of the drug and the ability to exercise dominion and control over the same.” Martoral v. State, 946 So.2d 1240, 1242 (Fla. 4th DCA 2007). When the premises on which the drugs are found is not in the defendant’s exclusive possession, the defendant’s mere proximity to the drugs is not enough to prove that he constructively possessed them. Id. at 1242-43; Earle v. State, 745 So.2d 1087, 1089 (Fla. 4th DCA 1999). The State must present independent proof of the defendant’s knowledge and ability to control the drugs. Martoral, 946 So.2d at 1242-43. This proof may consist of “actual knowledge of the [drug’s] presence, evidence of incriminating statements or actions, or other circumstances from which a jury might lawfully infer the defendant’s actual knowledge of the presence of the [drugs].” Earle, 745 So.2d at 1089 (emphasis added).
“Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence.” State v. Law, 559 So.2d 187, 188 (Fla.1989). The evidence must be viewed in the light most favorable to the State. Id. at 189. A trial court’s ruling on a motion for judgment of dismissal is de novo. See Tillman v. State, 21 So.3d 163, 165 (Fla. 4th DCA 2009) (noting that “rulings on motions for judgment of acquittal are reviewed de novo”); J.P. v. State, 855 So.2d 1262, 1264 n. 1 (Fla. 4th DCA 2003) (stating that the standard of review for a judgment of dismissal is the same as that for a judgment of acquittal).
The question here is whether M.D.’s statements, in combination with the other evidence in the case, conclusively refute his theory that he was smoking tobacco, not marijuana. The State’s case depends on M.D.’s statement that he was “there to smoke.” In the absence of this statement, the State’s circumstantial evidence would be insufficient to prove that M.D. constructively possessed the marijuana. See, e.g., J.S.M. v. State, 944 So.2d 1143 (Fla. 2d DCA 2006) (evidence insufficient where the defendant was found with three other people in a hotel room redolent of burnt marijuana and three bags of marijuana were found in plain view); J.J.N. v. State, 877 So.2d 806 (Fla. 5th DCA 2004) (evidence insufficient where an officer found a baggie of marijuana on the ground near the defendant’s foot); J.A.C. v. State, 816 So.2d 1228 (Fla. 5th DCA 2002) (evidence insufficient where the defendant was a passenger in a car that smelled like marijuana, marijuana residue was found in the car, and a small marijuana cigar was found in an ashtray on the passenger’s *653 door); K.L. v. State, 787 So.2d 236 (Fla. 2d DCA 2001) (evidence insufficient where the State proved that the defendant was in the vicinity of the marijuana, an officer smelled a strong odor of burnt marijuana, marijuana was found on another individual and in a nearby vehicle, and the defendant admitted that he had “chipped in” to purchase the marijuana).
In Dubose v. State, 560 So.2d 323 (Fla. 1st DCA 1990), the First District upheld the defendant’s convictions for possession of cocaine and marijuana. At the time of his arrest, the defendant was in another person’s apartment, standing within arm’s reach of crack cocaine and marijuana. Id. at 324. After being advised that he was under arrest for possession of cocaine and marijuana, the defendant stated that the drugs were not his, “but that he had just gone to the apartment to smoke.” Id. Later, the defendant stated that a woman had invited him to the apartment to smoke crack and that he would not pass up such an opportunity. Id. at 324-25. At trial, the defendant testified that his purpose in going to the apartment might have been to smoke drugs, but he denied that he had gone for that reason. Id. at 325. The First District held that the defendant’s proximity to the drugs and his incriminating statements were sufficient to prove constructive possession. Id.
Dubose is distinguishable from this case because the defendant in Dubose admitted that he had been invited to the apartment to smoke crack and that he might have seized that opportunity. In this case, M.D. was unclear about what he had smoked in the utility room, he never made any statement about marijuana, and one of the officers found tobacco in the room. Thus, his theory that he was smoking tobacco, not marijuana, was reasonable.
The State tried to rebut M.D.’s theory of innocence by arguing that neither officer found tobacco cigarettes (burnt or otherwise) in the room, and that the room smelled strongly of marijuana. However, the State fails to point out that there was no evidence of any type of cigarette or smoking device in the room even though it was clear that something had been smoked in the room. The fact that tobacco cigarettes were not found does not carry much significance. Moreover, the smell of marijuana does not foreclose the possibility that M.D. was smoking tobacco while the other individuals were smoking marijuana, and that the smell of the marijuana masked the tobacco odor. Finally, the officer’s theory that a tobacco cigarette was hollowed out to make room for marijuana is not inconsistent with M.D.’s theory that he was only smoking tobacco.
Because the State’s circumstantial evidence was not inconsistent with M.D.’s reasonable hypothesis of innocence, the trial court erred in denying the motion for judgment of dismissal on the charge of possession of marijuana.

Reversed.

FARMER and HAZOURI, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).