PER CURIAM.
Appellant, James Edward Porter, appeals his convictions and sentences for trafficking in amphetamine or methamphetamine (200 grams or more), unlawful possession of a listed chemical, the sale, manufacture, delivery or possession with the intent to sell, manufacture, or deliver a controlled substance, and possession of drug paraphernalia. We agree with Appellant that the trial court fundamentally erred in omitting portions of the standard jury instruction on constructive possession because the omission was pertinent and material to what the jury had to consider in order to convict. See State v. Delva, 575 So.2d 643, 645 (Fla.1991). While we also agree with Appellant that the trial court erroneously instructed the jury that knowledge of the illicit nature of the controlled substance was an element of the trafficking offense, we do not find that that *1075 error rises to the level of fundamental eiTor in this case.
With that said, neither of the jury instruction issues is dispositive here given that Appellant correctly argues that the trial court erred in denying his motion for judgment of acquittal on all four counts. Although the State, in its attempt to establish Appellant’s constructive possession of the contraband, listed chemical, and drug paraphernalia, introduced competent evidence that was inconsistent with Appellant’s claim that he had no knowledge of the presence of the contraband and other items on the premises at issue, the State’s evidence was not inconsistent with Appellant’s claim that he had no dominion and control over the contraband and other items. As such, the trial court should have granted Appellant’s motion. See Edison v. State, 956 So.2d 1275, 1277 (Fla. 2d DCA 2007) (reversing and remanding with instructions that the appellant, who was charged with drug trafficking, be discharged because the State presented no evidence to establish the appellant’s dominion and control over the drugs and noting that although the appellant, who admitted to being in the house at issue as a visitor, was undoubtedly aware of illegal activity, no evidence demonstrated that he exerted any control over the drugs given that he did not have any drugs in his system when detained and none of his fingerprints were found on any of the weapons, money, or contraband); Lester v. State, 891 So.2d 1219, 1221 (Fla. 2d DCA 2005) (reversing the appellant’s conviction for drug possession and concluding that while the evidence was sufficient to establish that the appellant was aware of the presence of the drugs and that he intended to partake in them, the evidence did not establish his dominion and control over the drugs as no proof was presented that he had or could take actual possession of them or that he could compel the woman who purchased the drugs to share them with him).
Accordingly, we REVERSE and REMAND with instructions that Appellant be discharged.
DAVIS, WETHERELL, and SWANSON, JJ., concur.