PER CURIAM.
Thomas Smith appeals his convictions for possession of more than 14 grams of methamphetamine under section 89S.135(f)l.a., Florida Statutes (2012), and possession of precursor chemicals used to manufacture methamphetamine under section 893.149(1), Florida Statutes (2012). He claims the trial court erred as a matter of law by denying his motion for judgment of acquittal, because the state’s evidence was insufficient to prove that he was in constructive possession of the contraband. We have reviewed the trial court’s ruling *361 de novo, and reverse. See McDuffie v. State, 970 So.2d 312, 329 (Fla.2007).
Law enforcement executed a search warrant at a residence being leased by Kelly Jiminez. They seized a Gatorade bottle containing methamphetamine, materials and chemicals used to manufacture methamphetamine, and other items. Both appellant and Ms. Jiminez were at the residence, and the arresting officer testified that he believed the apartment was hers and that she was appellant’s girlfriend.
The state claimed that appellant had constructive possession of the illegal items, which required proof that he knew of their presence, and had dominion and the ability to maintain control over them. See Wade v. State, 558 So.2d 107, 107-08 (Fla. 1st DCA 1990). Knowledge may be established if the contraband was in plain view in the common areas. Dominion and control may be inferred if the defendant was a resident or owner of the premises in exclusive possession. If the evidence showed joint possession of the premises, or that the defendant was a visitor, the state must establish control over the contraband by independent proof beyond mere proximity, such as by evidence of incriminating statements or circumstances. Id. at 108. See generally Swidin v. State, 27 So.3d 675, 677 (Fla. 2d DCA 2009); Edmond v. State, 963 So.2d 344, 346 (Fla. 4th DCA 2007); Edison v. State, 956 So.2d 1275, 1276 (Fla. 2d DCA 2007); J.S.M. v. State, 944 So.2d 1143, 1144 (Fla. 2d DCA 2006). The state presented no evidence during its case in chief showing that appellant lived in the apartment or was anything other than a visitor.
In arguing against appellant’s motion for judgment of acquittal at the close of the state’s case, the prosecutor relied on three items of evidence to show that appellant lived in the residence and thus had control over the contraband. The items were: one size 11 or 11½ athletic shoe located on top of a bookcase in the southeast bedroom; a photograph that was found on the nightstand in the northeast bedroom depicting two men, one of whom was wearing a gas mask and holding a Gatorade bottle containing a white substance; and a gas mask found on a shelf in the same bookcase.
Even if the jury could have determined from appellant’s appearance in the courtroom that he was one of the men in the photograph, this did not establish that he lived in the residence. There is nothing unusual about Ms. Jiminez having a photo of her boyfriend on her nightstand. The fact that the man is holding a Gatorade bottle that might contain methamphetamine, because it looks like the smaller Gatorade bottle that was seized during the search, may have been incriminating regarding whether appellant had knowledge about the bottle found during the search, but it did not constitute evidence that he had control over the bottle found during the search, which the evidence showed was a different bottle. Likewise, the fact that appellant posed for a photograph wearing a gasmask like the one that was seized, does not show that he lived in the residence. There was no evidence introduced regarding when or where this photo was taken. Finally, the existence of a single shoe on the top shelf of the bookcase does not tend to show that appellant lived there.
On appeal, in addition to the three items of evidence discussed above, the state relies upon evidence that was introduced by the defense. On the contrary, such evidence cannot supply a missing element of constructive possession after the state has failed to make a prima facie case during its case in chief. See State v. Pennington, 534 So.2d 393 (Fla.1988).
*362 Because the state failed to prove that appellant had dominion and control over the contraband, the trial court erred by-denying his motion for judgment of acquittal, and we reverse his convictions for counts I and II.
BENTON, VAN NORTWICK, and PADOVANO, JJ., concur.