# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-711
_____

FELICE JOHN VEACH,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

August 30, 2018

OPINION ON MOTION FOR REHEARING

B.L. THOMAS, C.J.

We have before us Appellant's Motion for Rehearing. We grant Appellant's motion and, accordingly, withdraw our former opinion of July 9, 2018, and substitute this opinion in its place.

Appellant challenges the trial court's denial of his motion in limine to exclude portions of a jailhouse telephone call. He also appeals the trial court's disallowance of his questions to a co-defendant, arguing this violated his Sixth Amendment right to confrontation.

*Facts*

Appellant was charged by information with one count of conspiracy to commit the felony of tampering with a victim, in violation of sections 914.22 and 777.04(3), Florida Statutes (2016). The charge arose from a recorded jail telephone call between Appellant and his former girlfriend and co-defendant, Lisa Harkins. The seventeen-minute phone conversation was redacted to seven minutes. The State agreed that it would not mention that Appellant was alleged to have tampered with a victim in a lewd or lascivious molestation case.

Before opening statements, Appellant moved in limine to further redact the portion of the jail phone call in which Appellant asked Lisa Harkins, Appellant's former girlfriend and co-defendant, to "let them know that somebody stole [my] phone" and asked Harkins to "call the investigator's office tomorrow and find out who brought you that phone because you could go press charges on them . . . ." The trial court denied Appellant's motion, finding that the information that Appellant sought to redact was relevant, and its probative value outweighed any undue prejudice.

At trial, an Escambia County Sheriff's Office investigator testified that she began an investigation of Appellant based on allegations of a minor victim. Thereafter, Appellant was arrested. Harkins testified that she knew Appellant by the nickname "Rocky" and that Appellant called her from the Escambia County Jail. A recording of the jail phone call was played. The call began with the following:

> Hello. You have a call at no expense to you from Shawn Stewart, an inmate at Escambia County Detention Center. To accept this call, press five. . . . [T]his call will be recorded and subject to monitoring at any time.

In the phone conversation, Appellant told Harkins to "get a hold of" the victim in the underlying charge and "talk to her" and to "get a hold of [the victim's mother] and let her know." The phone record also contained the following statement made by Appellant:

2

(Unintelligible). You have the phone (unintelligible) know, that it was my phone, Rocky Veach, and – but let them know that somebody stole the phone and we just found out. But the phone got turned over to the investigator's office. We want to know who got that phone. So you need to call the investigator's office.

The call came from the account of Inmate Shawn Stewart; Harkins testified that she put money into that account, which Appellant used because Appellant "said his phone wasn't working, his ID or whatever." Harkins testified that she also had a charge pending against her for conspiracy to commit a felony.

On cross-examination, Appellant's counsel asked Harkins if her "intention was not to break a law." The State objected, arguing that the jury did not need to make a determination on Harkins' intent, and nothing in direct examination opened the door to that questioning. Appellant's counsel argued that asking Harkins her intent was relevant to prove what she understood Appellant was asking her to do. The State asserted that if she was asked the question, Harkins could invoke her Fifth Amendment right against self-incrimination.

The trial court granted the State's objection. Appellant was found guilty and sentenced to 30 years' imprisonment as an habitual felony offender.

*Analysis*

The admission or exclusion of evidence is subject to an abuse of discretion standard of review. *San Martin v. State,* 717 So. 2d 462 (Fla. 1998).

"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2016). "All relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (2016). "Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2016). "'Relevant evidence is inherently prejudicial; however it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters.'" *State v. Blackwell*, 787

3

So. 2d 963, 965 (Fla. 1st DCA 2001) (quoting *State v. Andres*, 552 So. 2d 1151, 1153 (Fla. 3d DCA 1989)).

Evidence of "other bad acts," which are collateral to the crime charged and not considered *Williams** rule evidence, is admissible if relevant and not more prejudicial than probative. § 90.404(2)(a), Fla. Stat. (2016). Thus, the trial court's decision allowing the admission of such evidence should not be overturned, if the record supports a finding that the evidence is relevant and not more prejudicial than probative. *Kopsho v. State*, 84 So. 3d 204, 217 (Fla. 2012). As the supreme court stated:

> "[I]ntroduction of other crimes evidence is not limited to crimes with similar facts. Dissimilar fact evidence may be admissible under section 90.402, but like similar fact evidence its admissibility is determined by its relevance. It is permissible to introduce evidence that helps to put the entire case into perspective to the extent that its relevance is not outweighed by its prejudicial effect."

*Id.* at 212 (citations omitted).

Appellant argues that the contested portion of the phone conversation was irrelevant to the charged crime, because his identity was not in dispute. We disagree.

Appellant placed the call to Harkins from another inmate's account, and the State offered the call because Appellant identified himself in the contested portion of the call, thus making the evidence relevant. While arguing the motion in limine, Appellant asserted that "obviously the State has to, you know, identify that [Appellant] is the person [on the phone]." Appellant argues, alternatively, that even if the contested portion was relevant, any probative value was outweighed by the unfair prejudicial effect. Appellant asserts that the phone conversation was unduly prejudicial, because it let the jurors speculate about the charge underlying Appellant's tampering charge.

---

\* *Williams v. State,* 110 So. 2d 654 (Fla. 1959).

"[T]he court's discretion to exclude evidence under Rule 403 is narrowly circumscribed. 'Rule 403 is an extraordinary remedy which should be used only sparingly since it permits the trial court to exclude concededly probative evidence.' The balance under the Rule, therefore, should be struck in favor of admissibility." *State v. Gerry*, 855 So. 2d 157, 163 (Fla. 5th DCA 2003) (quoting *United States v. Norton*, 867 F.2d 1354, 1361 (11th Cir. 1989)) (citations omitted). Here, the probative value of the evidence was not outweighed by unfair prejudicial effect. Jurors had no reason to speculate regarding underlying facts relating to a cell phone, and further redaction would have improperly prevented the State from presenting evidence establishing Appellant's identity.

Appellant also argues that the trial court violated his Sixth Amendment right to confrontation by not allowing him to ask Harkins on cross-examination whether she intended to commit a crime when Appellant called her from jail. Harkins' intent was not relevant to the charge against Appellant and was not within the scope of direct examination. When a line of questioning posed to a criminal companion is "clearly a defensive matter well beyond the scope of direct examination," the trial court does not err in curtailing the line of questioning. *Steinhorst v. State*, 412 So. 2d 332, 337-39 (Fla. 1982). The trial court did not err in barring Appellant's line of questioning, and even if it occurred, the error was harmless, as the prosecutor stated that, based on a conversation with Harkins' counsel, Harkins would have asserted her right against self-incrimination under the Fifth Amendment, if the questioning had been allowed. Thus, there is no reasonable possibility that exclusion of this question contributed to the verdict. *State v. DiGuilio*, 491 So. 2d 1129 (Fla. 1986).

AFFIRMED.

LEWIS and MAKAR, JJ., concur.

_____

Andy Thomas, Public Defender, Megan Lynne Long, Assistant Public Defender, Tallahassee, for Appellant.

5

Pamela Jo Bondi, Attorney General, Kaitlin Weiss, Assistant Attorney General, Tallahassee, for Appellee.