SHIVERS, Senior Judge.
Stephone Johnson appeals from a conviction and sentence for possession of a firearm by a convicted felon. The appellant raises two issues: (1) whether the trial court erred in allowing the State to introduce evidence of the appellant’s offer to pay the medical expenses of the victim; and (2) whether the trial court erred in admitting evidence of appellant’s prior conviction of “carrying a concealed weapon” as a predicate conviction for “possession of a firearm by a convicted felon.” We affirm.
The appellant’s conviction and sentence arose from an incident occurring at the home of Felicia Owen. The appellant and several other men went to Owen’s home in search of several men that were staying with her. When Owen answered the door, appellant entered carrying a gun. Upon seeing Derrick Holloway, appellant raised the gun and chased after him. Holloway hid in a bedroom while the appellant ran out the back, apparently believing Holloway had gone outside. During this episode, Christopher Davis, an eleven-year old boy who was staying with Owen, saw appellant chase Holloway with the gun, and he too ran outside. Appellant fired the gun at a parked car, and Christopher was struck in the leg by a ricocheted bullet.
Appellant was subsequently charged with possession of a firearm by a convicted felon. Prior to trial, the defense moved to exclude testimony from Christopher and his aunt, Bernice Brown, that appellant had visited Christopher after the shooting and offered to pay his medical bills. The court denied the motion. At trial, Bernice Brown testified over the defense’s renewed objection that appellant had offered to pay Christopher’s medical bills.
The appellant argues this testimony should have been excluded under section 90.-409, Florida Statutes (1991), which provides:
Evidence of furnishing, or offering or promising to pay, medical or hospital expenses or other damages occasioned by an injury or accident is inadmissible to prove liability for the injury or accident.
The appellant asserts that this statute is applicable to criminal cases, despite the use of the word “liability,” rather than “guilt” or “culpability.” Although no Florida case has addressed this issue, the Law Revision Council Note — 1976 to section 90.409, Florida Statutes Annotated (1979), states that California Evidence Code section 1152 is a similar provision to which “Florida law is in accord.” Our sister court in California squarely addressed this issue in People v. Muniz, 213 Cal.App.3d 1508, 262 Cal.Rptr. 743, 746 (1989), and resolved the issue adversely to appellant’s position:
Muniz would have us read into the statute the word “criminal” as an alternative modifier for liability yet he offers no reason for us to do so. Nor does the case law inter *1299 preting Evidence Code section 1152 supply any support for the notion that the statute has any application to criminal cases.
Furthermore, the revision note also states that “[t]he considerations underlying this rule are similar to those underlying § 90.408 [regarding compromise and offers to compromise].” The revision note under § 90.408 explains that the exclusion of offers to compromise a claim is based upon two grounds:
The evidence is irrelevant, since “such an offer does not ordinarily proceed from and imply a belief that the adversary’s claim is well founded, but rather that the further prosecution of the claim, whether well founded or not, would in any event cause such an annoyance as is preferably avoided by the payment of the sum offered.”. (2) “The public policy of this state favors amicable settlement of disputes and the avoidance of litigation.”
(Citations omitted.) Neither of these rationales would support the exclusion of offers to pay medical expenses of crime victims since the decision to prosecute rests with the State, rather than the victim. We therefore conclude that the provisions of section 90.409 are confined to the civil setting and have no application to criminal cases.
Appellant also claims the statement is hearsay. We agree with the trial court that the statement was relevant and admissible as an admission under section 90.803(18)(a), Florida Statutes (1991). Appellant’s reliance on Mortgage Guarantee Insurance Corp. v. Stewart, 427 So.2d 776 (Fla. 3d DCA), rev. denied, 436 So.2d 101 (Fla.1983) (holding settlement offers are not admissions against interest), is misplaced because, as discussed above, civil litigants have legitimate reasons, besides admitting liability, for offering to settle a case that are inapplicable to criminal defendants.
Turning to the second issue, although the appellant objected to the introduction of six felony convictions as cumulative and prejudicial, when the State submitted as its solé predicate conviction “carrying a concealed firearm,” appellant made no objection. Thus, the appellant’s argument on this issue was not preserved for appellate review. See Steinhorst v. State, 412 So.2d 332 (Fla.1982).
We accordingly affirm the appellant’s conviction and sentence for possession of a firearm by a convicted felon.
ERVIN and LAWRENCE, JJ., concur.