666 So.2d 181 (1995)
STATE of Florida, Appellant,
v.
Harry AYLESWORTH and Deborah Aylesworth, Appellees.
No. 94-00882.
District Court of Appeal of Florida, Second District.
December 15, 1995.
Rehearing Denied January 22, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
Anthony S. Battaglia and Keli H. Crab, of Battaglia, Ross, Dicus & Wein, P.A., St. Petersburg, for Appellee Harry Aylesworth.
Joseph A. Eustace of Anthony J. LaSpada, P.A., Tampa, for Appellee Deborah Aylesworth.
*182 FRANK, Judge.
The state has appealed from three orders of the trial court stemming from the prosecution of Deborah and Harry Aylesworth. We affirm the first order. The trial court did not abuse its discretion under section 90.403, Florida Statutes (1993), when it granted the Aylesworths' joint motion in limine and excluded settlement agreements arising from related civil litigation. We reverse, however, the second and third orders which dismissed all charges against Deborah Aylesworth.
The Aylesworths are accused of racketeering, theft, and the sale of unregistered securities. The charges grew out of the Aylesworths' involvement in the sale of "Camp `N Water" campground units through their association with Aylesworth Financial, Incorporated. Prior to the filing of criminal charges, the Aylesworths' activities resulted in multiple civil actions, many of which were ultimately resolved in settlement agreements. The stipulated facts and the admissions contained in the agreements are relevant to the criminal charges. The trial court, however, consistent with section 90.403 excluded the agreements because of potential prejudice or confusion, and barred the admission of compromise and offers to compromise relying for that determination upon section 90.408, Florida Statutes (1993).
Under section 90.403, relevant evidence may be foreclosed where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. A trial court's action taken under this rule will not, however, be overturned absent an abuse of discretion. State v. McClain, 525 So.2d 420 (Fla. 1988); Jent v. State, 408 So.2d 1024 (Fla. 1981). We find no abuse in the trial court's application of section 90.403 in this instance and affirm its order. Although we find it unnecessary to pass upon the court's expressed belief that section 90.408 bars the evidence at issue, the substance of the rule does appear to confine its applicability to civil proceedings.
The second and third orders we have reviewed granted Deborah Aylesworth's motion to dismiss urged pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). That motion alleged that she had minimal involvement in the sale of the campground units and that the undisputed facts failed to establish the knowledge or intent necessary to support a prima facie case. The state traversed the motion alleging that she was an officer of the corporation, that she was actively involved in running the business, and that she signed most of the purchase agreements in question. Furthermore, the traverse proffered the settlement agreements as evidence of Deborah's involvement.
Although unartfully drafted, we find that the traverse denied the allegations contained in the motion with sufficient specificity to create a dispute as to the material facts. When such a dispute is created, an automatic denial of the motion must follow. Fla.R.Crim.P. 3.190(d); State v. Lewis, 463 So.2d 561 (Fla. 2d DCA 1985). Furthermore, we find that the alleged facts, interpreted with all inferences in the state's favor, support a prima facie case of participation in criminal activity.
Affirmed in part and reversed in part.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.