GREEN, Judge.
The appellee, Audrey Benitez Walters, was charged by information with filing a false and fraudulent insurance claim, grand theft, and making a false report to law enforcement authorities. Prior to trial, she filed a motion to suppress seeking to exclude all statements that were made to the insurance adjuster regarding her offer to settle or return the money previously paid by the insurer. Ms. Walters argued that her statements did not qualify as admissions because they were excludable under section 90.408, Florida Statutes (1997), as they constituted a valid offer to compromise a claim. The trial court’s suppression of these statements as a legitimate compromise offer prompted this appeal. We reverse.
Section 90.408 of the Florida Evidence Code specifically renders offers to compromise or settle disputed claims inadmissible at trial:
Evidence of an offer to compromise a claim which was disputed as to validity or amount, as well as any relevant conduct or statements made in negotiations concerning a compromise, is inadmissible to prove liability or absence of liability for the claim or its value.
Id. In Johnson v. State, 625 So.2d 1297 (Fla. 1st DCA 1993), the court explained that the revision note to this section states that the exclusion of such evidence is based upon two grounds:
1) The evidence is irrelevant, since “such an offer does not ordinarily proceed from and imply a belief that the adversary’s claim is well founded, but rather that the further prosecution of the claim, whether well founded or not, would in any event cause such an annoyance as is preferably avoided by the payment of the sum offered.”
2) The public policy of this state favors amicable settlement of disputes and the avoidance of litigation.
Id. at 1299. Because neither of these considerations support the exclusion of such evidence in criminal proceedings, and since the decision to prosecute rests solely with the state and not the victim, we agree with those Florida decisions which have confined the applicability of section 90.408 to civil proceedings. Id.; State v. Aylesworth, 666 So.2d 181, 182 (Fla. 2d DCA 1995) (“[T]he substance of the rule does appear to confine its applicability to civil proceedings.”); see also Charles W. Ehrhardt, Florida Evidence § 408.1 n. 2 (1997) (“Section 90.408 may not apply in criminal eases.”). Accordingly, we reverse and remand for further proceedings.
Reversed.