DAVIS, Judge.
 

 The State challenges the trial court’s order granting Mahmoud Gad’s motion in limine and excluding as evidence three statements made by Mr. Gad. Because the trial court abused its discretion in granting the motion, we reverse.
 

 The State charged Mr. Gad with attempted sexual battery and battery. The depositions taken in anticipation of trial reflect that, on the night in question, Mr. Gad and the victim had gone out for drinks, leaving Mr. Gad’s wife at home. The victim alleged that upon their return home but prior to their entering the residence, Mr. Gad pulled her over to the side of the home and attempted to rape her. Mr. Gad denies this account. However, when Mr. Gad and the victim entered the home, Mr. Gad’s wife noticed that he had removed his shirt, that his belt was undone, and that he was attempting to “hug” the victim. The victim was resisting Mr. Gad’s attempts, and his wife began yelling at the two of them. Mr. Gad then engaged his wife in an argument that resulted in his ordering the two women to leave the home. As the women drove away, Mr. Gad placed three calls to his wife’s cell phone. Because his wife did not answer the first two calls, Mr. Gad left two voice mail messages. His wife then answered the third call and had a brief conversation with Mr. Gad.
 

 In anticipation of trial, Mr. Gad moved in limine to exclude any statements made during the three telephone calls. The transcripts of the two recorded messages were presented to the trial court, and Mr. Gad’s wife’s deposition testimony was considered as to the contents of the third call. In the first message, Mr. Gad asked that his wife call him back so that he could call the police. He apologized to her and again requested that she call back so he could call the police. In the second message, Mr. Gad stated:
 

 Mahmoud here. (Inaudible). Call me. Everything will be fine (inaudible) talk about (inaudible) okay? Sorry for our cancel tonight, but I’m drunk, okay? Call back tomorrow, okay? Call me back so I can (inaudible) the [expletive] car. Maybe a check, okay?
 

 Mr. Gad’s wife testified in her deposition that the substance of the actual conversation she had with him during the third telephone call was as follows: “I’m sorry. Tell [the victim] I’m sorry.”
 

 Mr. Gad argued below that the apologies were not necessarily admissions of his wrongdoing but could just as easily be understood to be apologies for getting into the argument and asking the women to leave. He maintained that even if the jury accepted his explanation of what the conversations referred to, the jury would still be prejudiced against him because he argued with his wife and ordered her to leave their home. The potential prejudice, according to Mr. Gad, outweighed the probative value of the evidence. The trial court granted the motion to exclude the statements, and the State appeals from
 
 *770
 
 that order.
 
 [1]
 

 “Relevant evidence is evidence tending to prove or disprove a material fact.” § 90.401, Fla. Stat. (2008). In granting the motion in limine and excluding the statements, the trial court made a finding that the evidence was relevant. Neither party challenges that finding. Once it was established that the statements were relevant to the incident, however, the trial court should have weighed the probative value of the statements against the potential for unfair prejudice. “Under section 90.403, relevant evidence may be foreclosed where its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, [or] misleading the jury....”
 
 State v. Aylesworth,
 
 666 So.2d 181, 182 (Fla. 2d DCA 1995).
 

 In order for relevant, probative evidence to be deemed unfairly prejudicial, it must go beyond the inherent prejudice associated with any relevant evidence. “ ‘Relevant evidence is inherently prejudicial; however it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matters.’ ”
 
 State v. Blackwell,
 
 787 So.2d 963, 965 (Fla. 1st DCA 2001) (quoting
 
 State v. Andres,
 
 552 So.2d 1151, 1153 (Fla. 3d DCA 1989)). “ ‘Section 90.403 ... is directed at evidence which inflames the jury or appeals improperly to the jur[ors’] emotions.’ ”
 
 Steverson v. State,
 
 695 So.2d 687, 689-90 (Fla.1997) (quoting C. Ehrhardt,
 
 Florida Evidence,
 
 § 403.1 (2d ed. 1984)).
 

 Having found that the statements were relevant, i.e., they could be understood to be admissions, the trial court should have then focused on whether the evidence was so inflammatory that the prejudicial nature of the statements outweighed their probative value. We conclude that the record does not support the trial court’s finding that the prejudice exhibited by the vague nature of the statements outweighed the probative value of the otherwise relevant evidence. This was not a case where the evidence was unfairly prejudicial because it could be misconstrued as highlighting some prior or additional bad act committed by Mr. Gad. The statements either had no relevance to the incident, or they were relevant and thereby were the type of evidence properly put before a jury as tending to show guilt related to the charges.
 
 See Blackwell,
 
 787 So.2d at 965 (“Here, the statement is not evidence of another bad act ...; instead, it tends to prove that the defendant had [committed an element of the pending charges].”).
 

 Even if the jury concluded that Mr. Gad’s apologies were not an admission of his criminal misconduct, the alternative explanation does not refer to something that would inflame the jury or appeal improperly to the jurors’ emotions. The fact that Mr. Gad argued with his wife and ordered her to leave does not rise to the level of prejudicial evidence that would be excluded by section 90.403.
 
 See Steverson,
 
 695 So.2d at 688-89 (“Certainly, most evidence that is admitted will be prejudicial to the party against whom it is offered. Section 90.403 does not bar [such] evidence .... ” (internal quotations omitted)).
 

 Based on this record, we conclude that Mr. Gad can only be prejudiced by these statements if they are actually found to be relevant to the events at issue. Such prejudice, however, is the type that is inherently associated with relevant probative evidence. As such, the evidence is not precluded by section 90.403. Absent a basis for a proper finding of unfair prejudice, the trial court abused its discretion in excluding the evidence.
 
 See Aylesworth,
 
 666 So.2d at 182 (“A trial court’s action taken
 
 *771
 
 under [section 90.403] will not ... be overturned absent an abuse of discretion.”). Accordingly, we reverse the order granting the motion in limine and remand for further proceedings.
 

 Reversed and remanded.
 

 MORRIS, J., and FULMER, CAROLYN K., Senior Judge, Concur.
 

 [1]
 

 . We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B).