MORRIS, Judge.
 

 The State seeks a writ of certiorari to quash the trial court’s order which precluded the State from presenting evidence of Wright’s prior acts of domestic violence against the victim. We conclude that the trial court departed from the essential requirements of the law by applying section 90.404(2), Florida Statutes (2008), to exclude the evidence. We therefore grant the State’s petition.
 

 I. FACTS
 

 In April 2009, Wright was charged with armed kidnapping with intent to commit bodily harm or terrorize. The State alleges
 
 [1]
 
 that Wright was in a relationship with the victim, but on March 24, 2009, the victim sought and obtained an injunction for protection against domestic violence. The victim informed Wright of the injunction and told him he had to remove his belongings from her home. Although the victim asked Wright to arrive at a prearranged time when the victim would not be at the home by herself, the victim was surprised to find Wright inside the home when she arrived home from work. Wright then held the victim in the home against her will, armed himself with a knife, threatened to kill himself as well as
 
 *505
 
 the victim, and refused to let the victim use the phone. Eventually, the victim’s friends arrived and contacted the police. The police forcibly entered the home and arrested Wright.
 

 The State filed two notices of intent to use evidence of other crimes, but only one is relevant here. Specifically, the State sought to admit evidence of prior acts of domestic violence committed by Wright against the victim. Wright filed an objection to the State’s notices, and a hearing was conducted.
 

 At the hearing, the victim testified in detail about the prior acts of domestic violence as well as threats Wright made against her on prior occasions. The victim also testified about an incident in which she and Wright were arguing in the car and Wright refused to let her out of the car for several hours.
 

 On November 8, 2010, the trial court issued its order denying the admission of the other crimes evidence. With respect to the victim’s testimony, the trial court ruled that it failed to meet the requirements of section 90.404(2) because it was relevant “solely to prove bad character evidence or propensity.”
 

 II. ANALYSIS
 

 A trial court’s order excluding evidence is reviewable by common law certio-rari.
 
 See State v. Pettis,
 
 520 So.2d 250, 253 (Fla.1988);
 
 State v. Smith,
 
 586 So.2d 1237, 1238 n. 3 (Fla. 2d DCA 1991). Orders which prevent the State from effectively prosecuting its case demonstrate irreparable harm,
 
 see Pettis,
 
 520 So.2d at 253, but in order to obtain relief, the State must also prove that the trial court departed from the essential requirements of the law,
 
 State v. Gillespie,
 
 227 So.2d 550, 552 (Fla. 2d DCA 1969).
 

 Section 90.404(2)(a) provides:
 

 Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
 
 [2]
 

 However,
 

 “[ejvidence of ‘other crimes’ is not limited to other crimes with similar facts. So-called similar fact crimes are merely a special application of the general rule that all relevant evidence is admissible unless specifically excluded by a rule of evidence. The requirement that similar fact crimes contain similar facts to the charged crime is based on the requirement to show relevancy. This does not bar the introduction of evidence of other crimes which are factually dissimilar to the charged crime if the evidence of other crimes is relevant.”
 

 Sexton v. State,
 
 697 So.2d 833, 836-37 (Fla.1997) (quoting
 
 Bryan v. State,
 
 533 So.2d 744, 746 (Fla.1988)). Thus “if evidence of a defendant’s collateral bad acts bears no logical resemblance to the crime for which the defendant is being tried, then section 90.404(2)(a) does not apply and the general rule [of relevancy] in section 90.402[
 
 3
 
 ] controls.”
 
 Id.
 
 at 837.
 

 In
 
 Dennis v. State,
 
 817 So.2d 741 (Fla.2002), the Florida Supreme Court was asked to determine whether a trial court erred by admitting collateral crime evi
 
 *506
 
 dence that Dennis previously stalked, threatened, and assaulted the woman whom he eventually murdered. In affirming the admission of the evidence, the court cited
 
 Sexton
 
 and held that “the nature of Dennis’s relationship with the victim was relevant to establish Dennis’s motive.”
 
 Id.
 
 at 762.
 

 Applying
 
 Dennis
 
 to the facts of this case, we believe that the evidence of Wright’s prior acts of domestic violence and threats is relevant to the issues of motive and intent. Although the prior acts may not bear a striking similarity to the charged offense of armed kidnapping so as to be admissible pursuant to section 90.404(2)(a), they are generally relevant pursuant to section 90.402.
 

 We recognize that relevancy is not the only issue in determining whether to admit evidence of prior acts. Rather, the trial court must also consider whether the probative value outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury.
 
 See
 
 § 90.403;
 
 Sexton,
 
 697 So.2d at 837. And while it is true that the evidence of Wright’s prior acts of domestic violence and threats would be prejudicial,
 
 see State v. Gad,
 
 27 So.3d 768, 770 (Fla. 2d DCA 2010) (noting that relevant evidence is inherently prejudicial but that only unfairly prejudicial evidence should be excluded), it is also true that without this evidence, the jury might not understand what motive or intent Wright had in kidnapping the victim,
 
 see Sexton,
 
 697 So.2d at 837 (discussing probative value versus prejudicial effect and determining that if trial court had excluded evidence about the victim’s having knowledge of Sexton’s activities, “the jury would not have understood why Sexton perceived [the victim] as a threat” and wanted the victim killed). Accordingly, we believe that under the facts of this case, the probative value of the evidence outweighs the prejudicial effect.
 

 We therefore hold that the trial court departed from the essential requirements of the law when it applied section 90.404(2)(a) to bar the victim’s testimony in this case.
 

 Certiorari granted; order quashed.
 

 DAVIS and KHOUZAM, JJ„ Concur.
 

 [1]
 

 . As the State is seeking certiorari review of a pretrial order excluding evidence, the facts have not yet been proven. After the trial court denied the State’s motion to introduce evidence of other crimes, the State filed a motion to toll the proceedings in the trial court pending this certiorari proceeding.
 

 [2]
 

 . This evidentiary rule is also known as the
 
 "Williams
 
 rule.”
 
 See Williams v. State,
 
 621 So.2d 413, 414-15 (Fla.1993).
 

 [3]
 

 . Section 90.402 provides that “[a]ll relevant evidence is admissible, except as provided by law.”