DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK ALBERT MARTINEZ**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-638

[February 27, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg-Feuer, Judge; L.T. Case No. 502017CF002297AXXXMB.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Frank Albert Martinez argues the circuit court erred when it denied his motion to exclude any reference to his statements about the President of the United States at the time of arrest. The circuit court held that the statements were both relevant and probative to the D.U.I. charge and the resisting an officer with violence charge against Martinez and that the statements were not unduly prejudicial. We affirm.

### *Background*

After a Florida Highway Patrol trooper found Martinez "passed out" inside a disabled vehicle on Interstate 95, he woke Martinez, conducted a field sobriety test, and advised him of his *Miranda* rights. Martinez responded by yelling close to the trooper's face, leading the trooper to request back-up.

That request for back-up led officers with the Delray Beach Police Department to respond. After Martinez tried to climb into his trunk, the

officers forced Martinez to the ground. He became more physically aggressive and made remarks including:

> "Come on b****, Let's go, Mexico. Let's go, Mexico—"; "yeah Mexico baby, Mexico, baby"; "I'm taking you down, baby. Thank you, Trump, thank you, Trump"; "Hey, I love you, Trump"; "I'm not resisting—thank you, Trump, thank you, Trump. I love you Trump"; "F*** you, man, you is a b****, dog. You all are some b******, dog. You all (indiscernible)—hey, I love you Trump. Hey I love you, Trump. Yeah, let's go deer hunting, b****"; "Hey, you know how much of my Mexican people are making money because of this s*** right here?"; "Talk to your daddy, talk to your daddy Trump."

Before trial, Martinez moved in limine to redact videotaped statements made during his arrest. He argued that his statements about the President of the United States "do not go to establish any element of the crime and are highly prejudicial." The court denied the motion, finding the evidence both relevant and probative but not so highly prejudicial as to justify exclusion.

### Analysis

We review a circuit court's ruling on a motion in limine for abuse of discretion. *Aarmada Prot. Sys. 2000, Inc. v. Yandell*, 73 So. 3d 893, 898 (Fla. 4th DCA 2011) (citations omitted).

The Florida Evidence Code provides that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2017). But relevant evidence is inherently prejudicial. *State v. Gad*, 27 So. 3d 768, 770 (Fla. 2d DCA 2010). So "[i]n order for relevant, probative evidence to be deemed unfairly prejudicial, it must go beyond the inherent prejudice associated with any relevant evidence." *Id.*

Courts apply a balancing test to determine whether evidence is unfairly prejudicial. *McDuffie v. State*, 970 So. 2d 312, 327 (Fla. 2007). We "consider the need for the evidence, the tendency of the evidence to suggest an emotional basis for the verdict, the chain of inference from the evidence necessary to establish the material fact, and the effectiveness of a limiting instruction." *Id.* (citing *Taylor v. State*, 855 So. 2d 1, 22 (Fla. 2003)). Excluding otherwise relevant evidence because of unfair prejudice avoids

2

the possibility "that a jury will convict a defendant based upon reasons other than evidence establishing his guilt." *Id.*

This case turns on that balancing test. Martinez does not dispute the relevancy or probative value of his statements to the D.U.I. charge. Instead, he argues the statements were not relevant to the resisting an officer with violence charge. But his own words contradict this argument. When he was being arrested, he specifically stated, "I'm not resisting." The remainder of his statements, quoted above, were also relevant to showing his state of mind. Thus, we agree with the circuit court that the statements were both relevant and probative as to the D.U.I. charge and the resisting arrest charge.

Similarly, we agree with the circuit court that the statements were not unduly prejudicial.[1] Martinez asserts that his reference to the President of the United States gives "rise to strong emotional reactions" and cites numerous lawsuits filed against the President. Even assuming Martinez is correct about the President eliciting an emotional reaction—a statement we neither agree nor disagree with—he fails to explain how the mere reference to an elected official renders that evidence unduly prejudicial. We therefore reject the assertion that the mere mention of a public official's name makes a statement unduly prejudicial. Instead, we agree with the circuit court that the probative value of the statements substantially outweighs any prejudicial effect, particularly as to the D.U.I. charge.

### Conclusion

We affirm the circuit court's order denying the motion in limine.

*Affirmed.*

GERBER, C.J., and CIKLIN, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Even if we found it were error to admit Martinez's statements, we would conclude any error was harmless.

3