DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHRISTOPHER RUSSELL HUBBS,**
Appellee.

No. 4D2022-3048

[December 6, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Kirk Charles Volker, Judge; L.T. Case No. 50-2020-CF-001600A.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellant.

Greg Rosenfeld and Jesse Woodson Isom of the Law Offices of Greg Rosenfeld, P.A., West Palm Beach, and Joshua LeRoy of LeRoy Law, P.A., West Palm Beach, for appellee.

CONNER, J.

The State appeals the portion of a nonfinal order limiting the use of text messages which the State contends are relevant and necessary to prove the defendant possessed depictions of sexual performance by a child.[1] We agree with the State's arguments that the trial court did not properly consider the relevancy of some of the text messages, which resulted in the trial court improperly excluding those messages as unfairly prejudicial or confusing. Thus, we reverse the trial court's order insofar as it addresses the admissibility of the text messages.

This opinion will generally address all the messages excluded by the trial court. However, for the reasons explained below, we reverse in part and remand the case for further consideration by the trial court.

---

[1] The nonfinal order addressed other issues which are not raised on appeal and for which we lack jurisdiction.

*Background*

Following the arrest of another suspect, law enforcement found a series of text messages between the defendant and the other suspect on the other suspect's cell phone. In the messages, the defendant and the other suspect discussed meeting in person so the defendant could engage in sexual activity with a child to whom the other suspect had access. The other suspect sent three images of a small male child in a bathtub. The defendant acknowledged receipt of the images. The defendant also alluded to other images which he had received from the other suspect. When confronted with the series of text messages by law enforcement, the defendant admitted he had initiated and responded to messages but denied that he was going to meet the other suspect in person.

The defendant was charged with two counts of possession of a depiction of sexual performance by a child in violation of section 827.071(5)(a), Florida Statutes (2019), and one count of soliciting a child for unlawful sexual conduct using a computer in violation of section 847.0135(3)(b), Florida Statutes (2019).

After the trial court severed the two possession counts from the solicitation count, the defendant moved in limine to restrict the State's evidence on the two possession counts. He argued, among other things, the approximately thirty-seven pages of text messages between him and the other suspect were irrelevant and unfairly prejudicial, and inadmissible pursuant to sections 90.402 and 90.403, Florida Statutes (2023).

At the hearing on the motion, the defendant argued the State should be permitted to introduce only the messages transmitting the images, as the other messages were either irrelevant or, if relevant, the probative value was outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. The defendant pointed out the messages spanned several weeks and discussed "all different types of stuff," including sexual fantasies, and allowing the jury to consider them would be tantamount to "criminalizing gross thoughts."

The State countered that the messages were all relevant and should be admitted for the two possession counts to establish the full context of the reasons why the photos were sent and viewed. Regarding the burden of proof, the State argued:

> I have to show that . . . he knowingly possessed, controlled, or viewed. And so his statements about a boy, about the boy

specifically, what they were going to do with the boy, and then whether or not that boy was available, and then asking . . . for photographs of that boy, and then commenting on those photographs, all show that the Defendant intentionally viewed the images, that the Defendant was aware -- it shows his knowledge, it shows his control over the images. And those images were intentionally viewed.

And so it's not separable. Even if Your Honor were to limit the ways in which the State can argue it, . . . that's all relevant evidence to a material fact in the case, which is that the Defendant . . . was able to intentionally view, control, or have that child pornography.

The State further argued the defendant cannot "provide a mischaracterization that this was like some kind of innocuous bombardment by some guy that just sent him child porn, because that's false[,]" and the ongoing conversation would establish the defendant was trying to get "lewd images of a child" and then viewed them.

The defendant offered to stipulate to his receipt of the photos, but stated he would contest whether those images constituted child pornography.

The trial court found it was possible to "really limit the number of these text messages that only relate to him asking [the other suspect] to send him the pictures of [child] . . . without all of these other text messages that clearly would be prejudicial . . . ." The trial court found that a small portion of the messages would be enough for the State to prove the elements of possession of a depiction of sexual performance by a child, and allowing all the messages was unnecessary and unfairly prejudicial.

The trial court entered an order granting in part and denying in part the motion in limine, finding most of the messages were irrelevant and unfairly prejudicial. The trial court excluded all messages except for the eight messages discussed further below.

The State now appeals a portion of the nonfinal order.

*Appellate Analysis*

"The standard of review for the admissibility of evidence is abuse of discretion, limited by the rules of evidence." *Carlisle v. State,* 137 So. 3d 479, 484 (Fla. 4th DCA 2014). "We apply an abuse of discretion standard

to a trial court's application of the unfair prejudice test of section 90.403, Florida Statutes (2019)." *Smiley v. State*, 295 So. 3d 156, 168 (Fla. 2020).

The State argues the trial court abused its discretion in excluding most of the conversation between the defendant and the other suspect because the excluded portions were relevant and inextricably intertwined with the possession of the photos and established the context and events leading the charges. The State further argues the jury would have a distorted and incomplete picture of the circumstances of the charges without the excluded messages.

The defendant counters that the excluded messages do not tend to prove any material fact and are not inextricably intertwined, and therefore are not admissible. The defendant also argues that, even if the excluded messages are relevant and inextricably intertwined, the trial court properly weighed the probative value of the excluded messages against the danger of unfair prejudice or confusion in excluding most of the messages.

We first address the relevancy issue. Next, we address the issue of whether the probative value of the excluded messages is outweighed by unfair prejudice or confusion.

*Issue I: Were the Excluded Messages Relevant?*

"Relevant evidence is evidence tending to prove or disprove a material fact." § 90.401, Fla. Stat. (2023).

The entire series of text messages which the State sought to use at trial contain statements by both the defendant and the other suspect. Many of the text messages refer to sexual fantasies both men have. Some messages could yield an inference to a prior crime.

Evidence of bad acts or other crimes which are inseparable from or inextricably intertwined with the crimes charged is admissible as relevant evidence because "it is necessary to admit the evidence to adequately describe the deed." *Kane v. State*, 975 So. 2d 1277, 1281 (Fla. 4th DCA 2008) (quoting *Coolen v. State*, 696 So. 2d 738, 742-43 (Fla. 1997)). We have explained that "[e]vidence is inextricably intertwined if the evidence is necessary to: (1) adequately describe the deed; (2) provide an intelligent account of the crime(s) charged; (3) establish the entire context out of which the charged crime(s) arose[;] or (4) adequately describe the events leading up to the charged crime(s)." *McGee v. State*, 19 So. 3d 1074, 1078 (Fla. 4th DCA 2009) (citation omitted). When determining whether an act is inextricably intertwined, the "question is not whether evidence . . . is

4

helpful to understand the entire story and relationship between the defendant and the victim. Rather the question is whether such evidence is *necessary* to accomplish any of the four objectives described above." *Ritz v. State*, 101 So. 3d 939, 943 (Fla. 4th DCA 2012).

The defendant is charged with two counts of violating section 827.071, Florida Statutes (2019), which provides: "It is unlawful for any person to knowingly possess, control, or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include any sexual conduct by a child." § 827.071(5)(a), Fla. Stat. (2019). The definition of "sexual conduct" includes "actual lewd exhibition of the genitals." § 827.071(1)(h), Fla. Stat. (2019). Thus, the State will be required to prove three elements at trial: (1) the defendant knew he possessed, controlled, or viewed the two photographs, (2) the photographs included "actual lewd exhibition of the genitals" by a child, and (3) the defendant knew the photographs included "actual lewd exhibition of the genitals" by a child. *See* § 827.071(5)(a), Fla. Stat. (2019); *see also* Fla. Std. Jury Instr. (Crim.) 16.11.

To prove an "actual lewd exhibition of the genitals" by a child, the State will be required to prove the defendant knew the photographs of the child were "lewd" in nature. *See* § 827.071(1)(h), (5)(a), Fla. Stat. (2019). The Second District has specifically held that "the lewdness requirement . . . may be satisfied by the intent of the person promoting the performance which included sexual conduct by the child." *State v. Brabson*, 7 So. 3d 1119, 1122 (Fla. 2d DCA 2008). In *Brabson*, a swimming coach placed cameras in his office, then lured girls into his office to undress and change into the swimsuits, under the pretense of determining sizing of the swimsuits provided to the team. *Id.* The Second District held that the act of luring the girls to undress in an out-of-the-ordinary manner, as well as the video's focus on the genitalia of the victims, sufficiently demonstrated lewdness. *Id.* at 1122-23.

The *Brabson* court also noted that lewdness may be evaluated based on the test in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), which enumerated six factors:

> 1) whether the focal point of the visual depiction is the child's genitalia or pubic area;
>
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

5

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Brabson*, 7 So. 3d at 1125 (quoting *Purcell v. Commonwealth of Kentucky*, 149 S.W. 3d 382, 392 (Ky. 2004)) (noting that "whether a depiction meets the *Dost* test is best left to the fact-finder").

Our supreme court has likewise concluded that a seemingly innocent picture of a nude child can be deemed "lewd" for purposes of section 827.071 (and section 800.04, Florida Statutes (2019)), if the conduct in using the photograph demonstrates the child's nude genitals are "a central and almost obsessive object of [] attention," and the focus of the conduct in displaying or viewing the photograph "show[s] a lewd intent." *Schmitt v. State*, 590 So. 2d 404, 411 (Fla. 1991) (affirming the trial court's determination that nude photographs of the defendant's child supported probable cause for a search warrant).

Adopting the reasoning in *Schmitt* and *Brabson*, we agree with the Second District that the *Dost* factors should have been applied to ruling on the motion in limine.[2] We further agree with the State that significant portions of some of the excluded messages apply to each of the three elements of the two counts against the defendant. For example, as demonstrated in the string of messages below, the defendant sent messages to the other suspect discussing sexual fantasies involving young boys and expressing sexual interest in the child. Particularly relevant are the portions of the conversation just before and after the other suspect sent photos of the nude child by text message. The trial court admitted the portions of the string of messages emphasized below but excluded the other quoted messages:

---

[2] We note that the trial court entered an order that the jury would be instructed on the *Dost* factors yet did not apply those factors in ruling on the admissibility of evidence.

6

**[Defendant]:** **Hey**

**[Defendant]:** **It's PrimalDaddyFL from FetLife. We talked on Wickr about your [Redacted]. Message me back when you can.**

**[Other Suspect]: Hi.**

. . . .

[Defendant]: Plus I'm mad at you lol

[Other Suspect]: Why?

[Defendant]: Because you got me all excited about your [Redacted] and your [Redacted] but it was all just fantasy and you only use me to sexy. I want real experiences.

. . . .

[Other Suspect]: I'll try for friday, but u want boys there?

[Defendant]: Either [Redacted], so I can be more comfortable, or boys because that's what will get me in the mood to do what I want to you.

. . . .

[Other Suspect]: I want u me n her [Redacted] alone

[Defendant]: That would be great too

**[Defendant]:** **Do you have pictures of him?**

**[Other Suspect]: Uh huh**

**[Defendant]:** **Show me**

**[Other Suspect]: [3 Redacted Photos]**

| [Defendant]: | He's really cute.  Do you ever get to be alone with him? |
|---|---|
| [Other Suspect]: | Occasionally |
| [Other Suspect]: | Weve taken him to waterparks and ill go around lazy river with him to give her a break.  Ill lay under the Innertube with him on my lap.  Ive gotten hard just from him on my lap |
| **[Defendant]:** | **That's hot** |
| [Other Suspect]: | I might be able to get him Friday while she works |
| [Defendant]: | That would be great.  Let me know. |

(Emphasis added).

We agree with the State that all of the above messages, taken together, tend to show (1) the defendant knew he was viewing the photographs, (2) the exhibition of the child's genitals in the photographs was lewd in nature (i.e., the focus of the photographs was the child's genitals and the photographs were "intended or designed to elicit a sexual response in the viewer"), and (3) the defendant knew the photographs included such a lewd exhibition.  *Brabson*, 7 So. 3d at 1125; *see* § 827.071(1)(h), (5)(a), Fla. Stat. (2019); Fla. Std. Jury Instr. (Crim.) 16.11.

Thus, we conclude that messages expressing the defendant's sexual interest in the child as a reason for requesting the photographs would certainly be relevant to the State's burden of proof at trial, as well as necessary to "establish the entire context out of which the charged crime(s) arose" and "adequately describe the events leading up to the charged crime(s)." *McGee*, 19 So. 3d at 1078.  The relevance is also heightened by the defendant's planned defense disputing the pornographic nature of the photographs.

We thus determine that, under the caselaw discussed above, the trial court took an overly restrictive view of the relevance in ruling on the motion in limine.

*Issue II: Were the Excluded Messages Unfairly Prejudicial or Confusing?*

8

The defendant argues that, even if the excluded text messages are relevant and inextricably intertwined to charged offenses, the trial court properly weighed the probative value of the excluded messages against the danger of unfair prejudice or confusion.

"Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403, Fla. Stat. (2023). "[R]elevant evidence [by the State] is inherently prejudicial" to the defendant. *Martinez v. State*, 265 So. 3d 704, 705 (Fla. 4th DCA 2019). Therefore, "[t]he question under [section 90.403] is not prejudice, but instead, unfair prejudice." *Poole v. State*, 151 So. 3d 402, 414 (Fla. 2014) (quoting *King v. State*, 89 So. 3d 209, 227 (Fla. 2012)). "In order for relevant, probative evidence to be deemed unfairly prejudicial, it must go beyond the inherent prejudice associated with any relevant evidence." *Martinez*, 265 So. 3d at 705 (quoting *State v. Gad*, 27 So. 3d 768, 770 (Fla. 2d DCA 2010)).

As this Court has observed, "even if evidence of an uncharged crime is inextricably intertwined with the charged offense and is thus admissible to establish the entire context of the crime, unnecessary details must be excluded." *Ward v. State*, 59 So. 3d 1220, 1223 (Fla. 4th DCA 2011) (quoting *Kates v. State*, 41 So. 3d 1044, 1046 (Fla. 1st DCA 2010)). We agree with the defendant that it is unnecessary for a jury to consider, for example, those portions of the messages which do not touch on any form of sexual contact with children.

But, as discussed above, not all the excluded messages are tangential to the charges. The messages discussing sexual fantasies involving young boys and expressing sexual interest in the child, especially the messages just before and after the photos, were of particular probative value. The State has no alternative source of evidence to satisfy its burden to show the defendant's knowledge or to prove "sexual conduct" as defined by section 827.071(5)(a), Florida Statutes (2019). Those messages go directly to the State's burden to prove the elements of the crimes charged.

Because the trial court erred in determining the relevance of the excluded messages, we conclude the error likewise impacted the assessment of admissibility under section 90.403.

*Conclusion*

The trial court erred in taking an overly restrictive view of the relevance of the messages. The trial court, furthermore, should have considered the

*Dost* factors in making this determination. The error as to relevance impaired the trial court's decision on whether the probative value of such evidence was outweighed as being unduly prejudicial or confusing. Thus, we reverse the portion of the order entered below granting in part the defendant's motion in limine for the trial court to reconsider the admissibility of the excluded text messages using a proper analysis of the relevance of the messages and admissibility under sections 90.401 and 90.403.

*Reversed in part and remanded with instructions.*

GERBER and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

10