DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____


DAVID SUITER,

Appellant,

v.

STATE OF FLORIDA,

Appellee.


No. 2D2024-0337

_____


March 28, 2025

Appeal from the Circuit Court for Pinellas County; Joseph A. Bulone, Judge.

Blair Allen, Public Defender, and Joanna Beth Conner, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Laura Dempsey, Assistant Attorney General, Tampa, for Appellee.


LaROSE, Judge.

David Suiter appeals his judgment and sentence for grand theft. We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Mr. Suiter contends that the trial court abused its discretion and, in turn, denied him a fair trial, by permitting his neighbor to testify that Mr. Suiter had threatened to harm children living in the apartment complex to retaliate

against their mothers.  The State counters, in part, that Mr. Suiter did not preserve this issue for our review.  We affirm.

## Background

The State charged Mr. Suiter with grand theft of his neighbor A.B.'s package that was mistakenly delivered to his apartment.  The package contained glucose monitors critical to the treatment of A.B.'s child's diabetes.  The monitors were useless to Mr. Suiter, who had a history of making racist comments to and threatening black mothers and their children.  A.B. is black.

Mr. Suiter did not place the box at A.B.'s door.  Instead, he dumped the opened box, empty, in the office of the apartment complex's manager.  Mr. Suiter left without saying a word.  The State alleged that Mr. Suiter was motivated by ill will, spite, or evil intent to steal the monitors.

Before trial, Mr. Suiter moved, in limine, to exclude any "testimony or evidence of [his] being Racist or Prejudiced."  Mr. Suiter also sought to exclude any evidence about disputes between him and others in the apartment complex.  Mr. Suiter maintained that the undue prejudice of such evidence outweighed any probative value and was otherwise improper evidence.

The trial court excluded any racist content.  It did, however, allow A.B. to testify, generally, that Mr. Suiter had conflicts with the mothers, made hateful statements about them, and threatened to harm their children.  The trial court found that such testimony was relevant to show Mr. Suiter's motive.

The trial court then explained the scope of examination it would allow concerning motive:

> All right.  Well, what if we sanitize it for -- for his benefit

2

if we say that he had major issues with all of the women who lived there and he said he was going to do something to harm their children and then not bring up the fact that it's based on race?

Without objection, the State questioned A.B. within these guidelines.

During its closing argument, the State explained to the jury that A.B.'s testimony furnished "important context for [the jury] to consider . . . why he took the package."  After all, the State pondered, "Why would he take diabetic things that he doesn't need?"

The jury found Mr. Suiter guilty.  The trial court sentenced him to 364 days in jail.

**Analysis**

On appeal, Mr. Suiter accuses the trial court of abusing its discretion by allowing A.B. to testify that he had threatened to harm the children in the apartment complex.  The State says that Mr. Suiter failed to preserve the issue for our review by failing to object to her testimony at trial.

## I.  Preservation

The parties vigorously argued the motion in limine before trial.  The trial court ruled.  Mr. Suiter did not lodge an objection *during* A.B.'s trial testimony.  *See Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) ("[P]roper preservation entails three components.  First, a litigant must make a timely, contemporaneous objection.  Second, the party must state a legal ground for that objection.  Third, '[i]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below.' " (second alteration in original) (emphasis omitted) (quoting *Steinhorst v. State*, 412 So. 2d 332, 338 (Fla. 1982))).  As a "belt and suspenders" matter, a

contemporaneous objection would not have been out of line. But it was unnecessary.

To be certain, there are instances where a single challenge is insufficient to preserve an issue for appeal. This situation arises frequently in jury selection. *See Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007) ("When a trial court denies or grants a peremptory challenge, the objecting party must renew and reserve the objection before the jury is sworn. 'By not renewing the objection prior to the jury being sworn, it is presumed that the objecting party abandoned any prior objection he or she may have had and was satisfied with the selected jury.' " (first citing and then quoting *Zack v. State*, 911 So. 2d 1190, 1204 (Fla. 2005))). But that is not Mr. Suiter's case.

The State offers no compelling authority requiring Mr. Suiter to renew his objection during trial. "If the court has made a definitive ruling on the record admitting or excluding evidence, either at or before trial, a party need not renew an objection or offer of proof to preserve a claim of error for appeal." § 90.104(1), Fla. Stat. (2023). At one time, the law held to the contrary. *See Coffee v. State*, 699 So. 2d 299, 300 (Fla. 2d DCA 1997) ("The general rule is that a motion in limine is not sufficient to preserve the alleged error for appellate review in the absence of a further contemporaneous objection when the evidence is offered."). No longer. *See Cash v. State*, 875 So. 2d 829, 832 n.3 (Fla. 2d DCA 2004) ("We note that a party is no longer required to renew an objection made in a motion in limine at trial." (citing § 90.104(1), Fla. Stat. (2003))).

4

Mr. Suiter properly preserved his pretrial challenge to the admissibility of A.B.'s testimony.[1]

## II.    Admissibility of Mr. Suiter's Statements

We now review the trial court's evidentiary ruling under an abuse of discretion standard.  *See Patrick v. State*, 104 So. 3d 1046, 1056 (Fla. 2012) ("The standard of review of a trial court's ruling on a motion in limine is abuse of discretion.  Such discretion is limited by the rules of evidence, and a trial court abuses its discretion if its ruling is based on an 'erroneous view of the law or on a clearly erroneous assessment of the evidence.' " (citation omitted) (quoting *McDuffie v. State*, 970 So. 2d 312, 326 (Fla. 2007))).

Under section 90.404(2)(a), Florida Statutes (2023),

> [s]imilar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.

*See generally Williams v. State*, 110 So. 2d 654, 662 (Fla. 1959).  To that end, "[w]hile evidence of motive is not necessary to a conviction, when it is available and would help the jury to understand the other evidence presented, it should not be kept from them merely because it reveals the commission of crimes not charged." *Craig v. State*, 510 So. 2d 857, 863 (Fla. 1987).  For over 110 years, this has been Florida law.  *See Bonner v. State*, 65 So. 663, 665 (Fla. 1914) ("When the evidence is circumstantial, the proof of a motive for committing the crime is relevant, and sometimes

---

[1] Our record does not reflect that Mr. Suiter, either at the motion in limine hearing or during A.B.'s trial testimony, acquiesced to the trial court's carefully crafted ruling about A.B.'s testimony.

is important and very potential, as it may carry conviction to the minds of the jurors, when otherwise they would not be convinced." (quoting *State v. Adams*, 50 S.E. 765, 768 (N.C. 1905))).

*Dennis v. State*, 817 So. 2d 741 (Fla. 2002), is instructive. There, the supreme court held that the trial court properly admitted evidence that the defendant previously stalked, threatened, and assaulted the woman he allegedly murdered. *Id.* at 762. In doing so, the court stressed that "the nature of Dennis's relationship with the victim was relevant to establish . . . motive." *Id.*; *see also Maharaj v. State*, 597 So. 2d 786, 788, 790 (Fla. 1992) (concluding that evidence of newspaper articles written by the victim accusing the defendant of illegally taking money and forging a check was relevant to prove defendant's motive in murdering the victim); *Faust v. State*, 95 So. 3d 421, 424 (Fla. 4th DCA 2012) (holding that evidence of the defendant's threat to kill his girlfriend and anyone she was involved with was admissible to show the defendant's motive to kill victim who was dating his girlfriend).

A host of other cases have ruled the same way. *See, e.g., Heiney v. State*, 447 So. 2d 210, 213–14 (Fla. 1984) (holding evidence that Florida murder defendant had shot a person in Texas two days before fleeing to Florida, and after learning that Texas police were investigating he had told a friend he was hitchhiking to Florida, was relevant to show motive as "Heiney's desire to avoid apprehension for the shooting in Texas motivated him to commit robbery and murder in Florida so that he could obtain money and a car in order to continue his flight from Texas"); *State v. Wright*, 74 So. 3d 503, 505–06 (Fla. 2d DCA 2011) (concluding, in a prosecution of the defendant for armed kidnapping of the victim, that evidence of the defendant's prior acts of domestic violence against the

6

victim was relevant to the issues of motive and intent); *Nicholson v. State*, 10 So. 3d 142, 145–46 (Fla. 4th DCA 2009) (determining that evidence of the defendant's prior bad acts committed against his ex-wife were admissible to show the defendant's motive and intent in his trial for his ex-wife's murder); *Rimes v. State*, 993 So. 2d 1132, 1134 (Fla. 5th DCA 2008) ("[W]e find no error in the trial court's decision to admit evidence of Rimes' drug use at trial, since the State's evidence established Rimes' drug activity as a motive for [grand theft auto]."); *Torres v. State*, 834 So. 2d 342, 344 (Fla. 3d DCA 2003) ("Torres' prior threat to kill Sanchez was relevant to establish motive and intent and was therefore admissible."); *Brown v. State*, 611 So. 2d 540, 542 (Fla. 3d DCA 1992) (holding that evidence that the defendant had a rocky relationship with the victim and had threatened to kill her if he caught her with another man was relevant to establish motive in a prosecution for battery and attempted second-degree murder).

Of course, the evidence rules do not provide carte blanche admission of any evidence cloaked as proof of motive. *See* § 90.404(2)(a) ("Similar fact evidence of other crimes, wrongs, or acts . . . is inadmissible when the evidence is relevant solely to prove bad character or propensity."). For instance, in *Billie v. State*, 863 So. 2d 323, 324 (Fla. 3d DCA 2003), the defendant was charged with murdering his two children by driving his vehicle into a canal. The Third District held that it was error to admit the defendant's ex-girlfriend's testimony that years earlier the defendant told her that he had thought about killing his children. *Id.* at 329–30. The court explained that the evidence "serves no purpose except to bolster the State's *propensity* case against Billie. Additionally, there is no evidence that Billie *acted* on the 'threat' in any

7

manner. . . . [T]he evidence involved different crimes and different victims. There is nothing in the [r]ecord to connect one with the other." *Id.* at 330.

Evidence of prior bad acts must also be relevant. And to be relevant, motive must be a material fact at issue in the case. *See Pittman v. State*, 646 So. 2d 167, 170 (Fla. 1994) ("[E]vidence of bad acts or crimes is admissible . . . if it is relevant to establish a material issue."). For instance, in *Pratt v. State*, 1 So. 3d 1169, 1170 (Fla. 4th DCA 2009), the Fourth District held that in a prosecution for aggravated battery of the defendant's wife and daughter, it was error to admit evidence of three prior beatings of the wife during the preceding eighteen months. The *Pratt* court explained:

> In the circumstances of this case, these earlier incidents of violence do nothing more than demonstrate his propensity for violence with his family members. Neither party did anything to make motive or intent significant to any contested fact. No one suggested any factual issue as to a specific reason for battering the two women. Nor did he claim that his actions were by mistake. Motive, intent and mistake were simply not made pertinent issues in the trial.

*Id.*; *see also Herbert v. State*, 526 So. 2d 709, 713 (Fla. 4th DCA 1988) (concluding that in a prosecution for aggravated child abuse, the trial court erred in admitting evidence of an earlier beating of the same child; there was no dispute at trial as to the identity, motive, or knowledge of the defendant in beating her son with a belt, and the only issue in dispute was whether or not the beating constituted a crime).

Applying the lessons learned from the case law recounted above, Mr. Suiter's hateful statements and threats to harm children were relevant to establish his motive to steal the glucose monitors. Both sides

made motive a material fact at issue. Each side argued why Mr. Suiter would or would not steal something that provided him no benefit.

We acknowledge that relevancy is but one issue that a trial court must address in determining whether to admit evidence of other acts. *See Kopsho v. State*, 84 So. 3d 204, 212 (Fla. 2012) ("[R]elevant evidence of other crimes, wrongs, or acts is admissible if the probative value to show motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident outweighs any unfair prejudice, confusion of the issues, misleading of the jury, or needless presentation of cumulative evidence."). The trial court must consider whether the probative value of the evidence outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See* § 90.403. Of course, Mr. Suiter's statements are prejudicial. *See State v. Gad*, 27 So. 3d 768, 770 (Fla. 2d DCA 2010) (noting that relevant evidence is inherently prejudicial but that only unfairly prejudicial evidence should be excluded). It is equally true that, without this evidence, the jury might not understand Mr. Suiter's motive. *See Sexton v. State*, 697 So. 2d 833, 837 (Fla. 1997) (discussing probative value versus prejudicial effect and determining that if the trial court had excluded evidence about the victim's having knowledge of Sexton's activities, "the jury would not have understood why Sexton perceived [the victim] as a threat" and wanted the victim killed).

Our record reveals that the trial court carefully cabined A.B.'s testimony. As a result, the jury heard an anodyne summation of Mr. Suiter's grievances against the mothers and their children. To its credit, the trial court balanced the admissibility of evidence against Mr. Suiter's

9

right to a fair trial. On our record, we conclude that the probative value of the evidence outweighed any unduly prejudicial impact.

In sum, A.B.'s testimony about Mr. Suiter's statements was relevant to establish his motive to steal the glucose monitors. Consequently, the trial court did not abuse its discretion in allowing this testimony, in its limited form.

## **Conclusion**

We affirm Mr. Suiter's judgment and sentence for grand theft.

Affirmed.

SLEET, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

_____

Opinion subject to revision prior to official publication.